THE KANSAS LOAN & INVESTMENT COMPANY v.
THOMAS HUTTO *et al.*

COUNTERCLAIM—*Pleading.* Where an action is brought to recover damages for the removal of a house from real estate upon which the plaintiff claims a mortgage, and the defendants answer by a general denial, and also set up a counterclaim, alleging that they have been prevented from making a loan by reason of the bringing of such action, and have been thereby damaged, and the plaintiff fails to reply or appear when the case is set for trial, it is error for the trial court to render judgment in favor of the defendants and against the plaintiff upon such answer, for the reason that it does not state facts sufficient to constitute a counterclaim or a cause of action for affirmative relief.

*Error from Kingman District Court.*

THE facts sufficiently appear in the opinion. Judgment for defendants, *Hutto* and another, at the April term, 1889. The plaintiff *Company* brings the case here.

*Edwin White Moore,* for plaintiff in error.

*L. M. Conkling & Son,* for defendants in error.

Opinion by GREEN, C.: The Kansas Loan & Investment Company brought an action against the defendants in error to recover damages for the removal of a house from the land, upon which it claimed to have a mortgage. The defendants answered by a general denial, and also set up a counterclaim, in which they alleged that they had been damaged by the bringing of the suit; that they had been prevented from obtaining a loan of $800 upon the premises upon which the house in question had been placed; that the mortgage company through which they had negotiated a loan refused to make the same when it was ascertained that an action had been commenced, by reason of which the defendants had been damaged in the sum of $500. No reply was filed to the answer of the defendants. The case was assigned for trial at the April sitting, 1889, of the district court of Kingman county, on the fourth day of the term. The de-

fendants announced themselves ready for trial. The plaintiff did not appear. The defendants waived a jury, and a judgment was entered upon the counterclaim of the defendants for the sum of $500. A motion for a new trial was made within three days and overruled. The plaintiff in error brings the case here, upon the ground that the judgment of the district court is not sustained by the pleadings.

It is argued that the answer did not state facts sufficient to constitute a counterclaim or a cause of action for affirmative relief. It is urged that the liability alleged in the counterclaim shows upon the face of the answer that it did not exist at the time the action was brought, but, if there were any liability, it arose subsequently, and as a consequence of the action; that the defendants' claim for damages did not arise out of the transaction set forth in the petition, and had no connection with it, as required by § 95 of the code. A counterclaim is substantially a cross-action by the defendant against the plaintiff, growing out of or connected with the subject-matter of the action. It must in some way be connected with the subject of the action stated in the petition. (4 Am. & Eng. Encyc. of Law, 331.) The plaintiff placed its right to recover damages from the defendants upon the ground, as alleged in its petition, that they removed a certain house from the premises upon which it held a mortgage. The allegations of the plaintiff's petition constituted one state of facts. The defendants alleged that because they had been sued by the plaintiff they were unable to obtain a loan, and had therefore been damaged in consequence of such suit. The facts stated in the answer had no connection with the "foundation" or subject-matter of the suit of the plaintiff, and hence cannot be regarded as a counterclaim. They did not arise out of the original transaction, and had no connection with it. The defendants' claim did not exist until the plaintiff commenced its action. It is true that a defense may be set up which may not have accrued until after the commencement of the action; but as we understand the nature of a counterclaim, being a cross-demand against the plaintiff and in favor of the defend-

ant, it must have an existence at the time suit was commenced. It is the assertion of a separate claim or demand against the plaintiff, and does not necessarily answer or destroy the original cause of action stated in the. petition.

We think that the court erred in rendering judgment upon the defendants' counterclaim. It is recommended that the judgment of the district court be modified by striking out the sum of $500, and that the costs of this court be equally divided between the parties.

By the Court: It is so ordered.

All the Justices concurring.