## HANSCOM v. HANSCOM ET AL.

1. **PROCESS—CONSTRUCTIVE SERVICE.**

Service of summons by publication can be made only in cases of attachment, foreclosure, claim and delivery, divorce, or other proceedings where specific property is to be affected, or the procedure is known as a proceeding *in rem*. To render a publication of summons effective for any purpose, it must be made in one of the enumerated cases.

2. **SAME.**

A judgment obtained where the service of summons was made by publication, except in case of divorce, binds only the property brought within the jurisdiction of the court.

3. **ALIMONY—LIENS.**

Where a divorce is decreed, the court may make such orders touching alimony as from the circumstances of the parties and the nature of the case shall be fit, and may enforce the same in any manner consistent with its rules and practice. The alimony allowed may be decreed to be a charge upon the land described in the bill.

4. **SAME.**

Independent of statute, courts of equity have jurisdiction to decree the payment of alimony or separate maintenance, although no divorce is prayed for.

5. **EQUITY—JURISDICTION.**

It is peculiarly the province of a court of equity to afford a remedy where the law affords none; and so, where the law is powerless to aid the creditor, by reason of the debtor's absence, and the situation

of his property, equity will assume jurisdiction, adjudicate the claim, and, by acting upon the property itself, adjust the rights of all parties to the proceeding, and afford the appropriate relief.

6. SAME.

The plaintiff seeks to charge her husband's property with her alimony, and to set aside conveyances made in fraud of her rights. The suit is therefore a proceeding *in rem*, within the meaning of the statute; and the principal defendant being beyond the jurisdiction of the court, so that personal service of its process could not be had, it was proper to cause publication of the summons to be made; and by virtue of such publication the court became invested with jurisdiction to render judgment against the property as the facts proven might warrant.

*Error to the District Court of El Paso County.*

Mr. HARRY E. WILSON and Messrs. WELLS, TAYLOR & TAYLOR, for plaintiff in error.

Mr. A. T. GUNNELL, *amicus curiæ.*

THOMSON, J., delivered the opinion of the court.

This is a suit for alimony. The complaint contains allegations which, if true, would entitle the plaintiff to a divorce, but a divorce was not prayed. The complaint also avers fraudulent conveyances, made by the defendant, Geo. G. Hanscom, the husband of plaintiff, to the defendants George B. Hanscom and Martin Van Nason, of his real estate in Colorado, specifically describing it, for the purpose of defeating any claim of the plaintiff against him for alimony or separate maintenance. The complaint further alleges the transfer by him to George B. Hanscom of his personal property, the withdrawal from bank of his money, amounting to about $20,000, the taking of his promissory notes, mortgages and other evidences of debt, his flight from this state, and his continued absence therefrom; and concludes with a prayer for alimony to be adjudged a lien upon the property described, and for a decree that the fraudulent conveyances be set aside, and that such portion of the property as may be necessary to sat-

isfy the judgment be sold for that purpose. The principal
defendant being absent from his domicile, and beyond the
reach of the process of the court, upon proper proceedings
had, and affidavit executed, publication of summons was
ordered and made in conformity with law. The court dis-
missed the complaint for the reason, as it appears, that it
considered itself without jurisdiction to render any judgment
in the case, unless personal service of process was first had
upon Geo. G. Hanscom. The question submitted to us for
determination is the effect in this case of constructive service
of summons upon the principal defendant. Section 41 of the
code specifies the conditions upon which service by publica-
tion may be allowed, and provides that publication shall be
made only in cases of attachment, foreclosure, claim and de-
livery, divorce, or other proceeding where specific property
is to be affected, or the procedure is such as is known as a
proceeding *in rem*. To render a publication of summons
effective for any purpose, it must be made in one of the enu-
merated cases. But a judgment obtained upon this kind of
service, except in case of divorce, binds only the property
brought within the jurisdiction of the court. It does not
authorize a general judgment against the defendant. A judg-
ment against him is allowed only upon his voluntary appear-
ance to the action, or upon actual service of summons in one
of the ways prescribed by sections 38 and 40 of the code.
The theory of the complaint is that the plaintiff is entitled
to a lien against the property of her husband for the amount
of alimony which may be awarded her, and to a decree in the
same proceeding enforcing the lien. If this theory is correct,
the necessary preliminary proceedings having been had, ser-
vice of summons upon him was properly made by publication.
The enforcement of a lien is a proceeding *in rem*, and, in
such proceeding, publication of the summons may be made
where service cannot be had otherwise, as to any or all of the
parties against whom a decree is sought, or who must be be-
fore the court to enable it to grant the relief.

Our statute concerning divorce and alimony provides that

when a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife, as from the circumstances of the parties, and the nature of the case, shall be fit, and may enforce the payment of the same in any manner consistent with the rules and practice of the court. Session Laws, 1889, p. 153. Under this broad and comprehensive language the court would have the authority to adjudge the alimony allowed to be a charge upon the land described in the bill, and to subject the land to its payment. See *Draper v. Draper*, 68 Ill. 17; *Wightman v. Wightman*, 45 Ill. 167; *O' Callahan v. O' Callahan*, 69 Ill. 552. But the statute provides for alimony only in case a divorce is granted. We have no statute authorizing the allowance of alimony except in connection with a divorce. This proceeding is for alimony alone, and therefore does not come within the statute, so that if it can be upheld, it must be in virtue of some general principle upon which a court of equity, as such, is authorized to proceed.

Following the English decisions, the jurisdiction to decree alimony as an independent relief has been denied in many of our states; but in others, including this, a different doctrine has been announced. In *Daniels v. Daniels*, 9 Colo. 133, our supreme court held alimony to be within the jurisdiction of courts of equity independently of the statute, and to be a relief which might be granted although no divorce was prayed. It may therefore be considered as established in this state that upon a proper case made, equity will award alimony, or separate maintenance, to a wife, in a proceeding where no divorce is sought. This seems to be conceded, but the contention, as we understand it, is that a claim for alimony apart from divorce involves only a personal liability against the husband, and cannot be made a charge upon his property in the first instance; so that, for the purpose of subjecting his property to its payment, a prior personal judgment must be obtained against him. Upon our first examination of the case our views coincided with those of counsel. Our impression was that the court was without power, in

this proceeding, to adjudge the amount which might be awarded to the plaintiff to be a charge upon specific property, and that as the principal defendant had not been personally served with summons, so that no judgment could be rendered against him, the suit must fail; but a more comprehensive and critical investigation has led us to a different conclusion; and in view of the heartless conduct charged against him, and the serious hardship of the case if the plaintiff must be denied a remedy, we have not formed the opinion which we now entertain reluctantly.

It is true, generally, that the holder of a legal demand must reduce his claim to judgment against the debtor, and in some way make it a lien upon the property sought to be reached, before he can institute proceedings to annul a conveyance made in fraud of his rights; but where the debtor has absconded, and cannot be reached by the process of the court, leaving behind him property, which, by reason of its situation or character, cannot be subjected to the payment of his liabilities in any proceeding at law, the creditor may resort to equity in the first instance, and in the same proceeding have his claim established, charged against the debtor's property, and all obstructions in the way of its enforcement removed. It is peculiarly the province of a court of equity to afford a remedy where the law affords none, and so, where the law is powerless to aid the creditor, by reason of the debtor's absence, and the situation of his property, equity will assume jurisdiction, adjudicate the claim, and, by acting upon the property itself, adjust the rights of all parties to the proceeding, and afford the appropriate relief. *Scott v. McMillen*, 1 Litt. 302; *Kipper v. Glancey*, 2 Blackf. 356; *Peay v. Morrison's Exec's*, 10 Grat. 149; *Pendleton v. Perkins*, 49 Mo. 565; *Farrar v. Haselden*, 9 S. C. Eq. 331; *Greenway v. Thomas*, 14 Ill. 271; *Kamp v. Kamp*, 46 How. Pr. 143. In such a case the foundation of equitable jurisdiction is the inability of the law to enforce a legal demand; but where the debt or claim is not legal, but equitable, the jurisdiction does not depend upon adventitious

facts, and is not affected by the presence or absence of the defendant. The jurisdiction is original, and in accordance with the principles governing proceedings in equity, the court will, in such case, for the purpose of avoiding confusion and a multiplicity of suits, afford complete relief, not only by liquidating the claim, but by removing all obstacles fraudulently interposed to defeat it. In *Halbert v. Grant*, 4 Mon. 580, the court said: " The reason that the chancellor requires a party possessing a claim purely legal to proceed to execution at law is, that he shall prove by going the whole length that the law is inadequate to afford him redress, before he can call the chancellor to his aid. But where the claim asserted is purely equitable, and such as the chancellor will take cognizance of in the first instance, he will at the same time go the entire extent and inquire into the obstructions in the road of enforcing the demand. The complainant therefore, when he goes to equity to assert and liquidate the claim, may at the same time combine with it a complaint against the fraudulent acts of the debtor, in attempting to place his estate beyond the reach of creditors, while he himself enjoys the results." See, also, *Waller v. Todd*, 3 Dana, 503 ; Bump on Fraudulent Conveyances, 527.

The claim of the plaintiff in this case is not within the cognizance of a court of law. It must be asserted in equity. A reasonable amount for her maintenance during coverture, or until reconciliation, estimated with reference to the means of her husband, and payable out of his estate, is the relief to which she is entitled, if the case made by her complaint shall be established; and if, as is charged, he has fraudulently disposed of his property for the purpose of defeating her rights, and avoiding the obligation which the law imposes upon him of providing for her support, a court of equity, in virtue of the nature and extent of its jurisdiction, will, in the same proceeding, adjudicate her claim, and remove the obstructions which he has fraudulently put in the way of its enforcement. In *Hinds v. Hinds*, 80 Ala. 225, the plaintiff, charging desertion and abandonment by her husband, prayed a decree

for alimony out of his estate.  Two persons, to whom it was alleged he had fraudulently conveyed his property, were made parties defendant, and appropriate relief prayed against them. The defendants' demurrer to the bill was on the ground that it would not lie for alimony alone, and that there was a misjoinder of parties defendant.  The decree of the chancellor overruling the demurrer was assigned for error.  The supreme court held that a wife's claim to alimony being an equitable demand against her husband, she had the right to attack for fraud any transfer or alienation of property made by him with intent to defeat her claim, and that the fraudulent grantees were proper parties defendant to the suit.  This decision is cited with approval in *Daniels v. Daniels, supra.*

The plaintiff seeks to charge her husband's property with her alimony, and to set aside conveyances made in fraud of her rights.  The suit is therefore a proceeding *in rem*, within the meaning of the statute; and the principal defendant being beyond the jurisdiction of the court, so that personal service of its process could not be had, it was proper to cause publication of the summons to be made; and by virtue of such publication the court became invested with jurisdiction to render such judgment against the property as the facts proven might warrant.  We think it was error to dismiss the complaint, and the judgment will be reversed.

*Reversed.*