## PAGE v. TYRON.

No. 5674.   Opinion Filed January 11, 1916..

(154 Pac. 526.)

1. **INJUNCTION—Damages—Right to Recover.** Ordinarily damages growing out of the issuing and enforcement of an injunction order cannot be recovered until the same has been dissolved by a final decree, but where the damages claimed did not accrue on account of the injunction the rule is different.

2. **APPEAL AND ERROR—Invited Error—Damages From Injunction—Counterclaim.** A temporary injunction was made permanent. Afterwards the plaintiff filed a supplemental petition praying for damages on account of certain acts of defendant, out of which the injunction arose. Before the injunction was made permanent the defendent counterclaimed for damages and afterwards filed a supplemental answer praying for damages accruing after he filed his original answer. The plaintiff moved to strike the original and supplemental answers, so far as the same asked for affirmative relief, upon the ground that the damages occurring after the commencement of the action cannot be recovered by a counterclaim filed in that action. **Held,** that the plaintiff, in filing his supplemental petition, invited the court to adjust the damages between the parties in that action.

(Syllabus by Mathews, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by Charles Page against W. T. Tryon. Judgment for defendant, and plaintiff brings error. Affirmed.

*Rice & Lyons,* for plaintiff in error.

*Smith & Walker,* for defendant in error.

Opinion by MATHEWS, C. The parties hereto will be designated as in the trial court. This controversy arose over the rights of two parties to a certain tract of land, one holding an oil lease upon said land, and the other an agricultural lease. The holder of the agricul-

tural lease being in possession when the holder of the oil lease went upon the tract to bore for oil, he interfered with the operations of the latter, and on the 28th day of April, 1910, the plaintiff, the holder of the oil lease, obtained a temporary injunction against the defendant, the holder of the agricultural lease, restraining him from interfering with his operating on said land for oil.

On the 16th day of May, 1910, the defendant filed his answer, in effect a general denial, and further set out therein that he was in possession of said land in controversy under a recorded agricultural lease from the owner of the land, and was using the same for farming purposes; that when plaintiff's employees attempted to enter said premises he notified them not to come upon the land, and thereupon the plaintiff obtained a restraining order from the court, and thereafter the employees of plaintiff cut the fence of defendant, entered upon said land and began operating for oil; that they drove teams and wagons upon the land, and thereby injured the premises, and that they left the fence down so that defendant's cattle escaped from his inclosure, which occasioned much loss of time to him in hunting for said cattle, for all of which alleged damage he prayed for judgment in the sum of $500. The case was tried on the 24th day of May, 1913, to a jury, which returned a verdict in favor of the defendant in the sum of $500, and plaintiff prosecutes this appeal.

The plaintiff has assigned numerous alleged errors, but has waived most of the same in failing to discuss the same in his brief. The first assignment discussed in his brief is his contention that defendant's counterclaim is for damages on account of the issuing and enforcement

of the restraining order, which plaintiff urges is dependent upon the dissolution of the restraining order, and that no damages can be had for causing the same to be issued until it has been dissolved by a final decree. Ordinarily this is a correct statement of the law relative to damages arising by virtue of the procuring of an injunction, but it does not fit the facts in the case at bar.

While defendant, in his answer, prays for judgment against the plaintiff and his sureties on his injunction bond, it is plainly apparent that this was an inadvertence not intended. A permanent injunction was entered herein on the 19th day of May, 1910, but the evidence upon which the same was based does not appear in the record, nor does it appear that the defendant contested the same. At the trial, the burden of proof was assumed by the defendant, and his entire evidence went to the amount of his damages, and no evidence was produced by either side relative to defendant's conduct in refusing to permit plaintiff's employees upon the premises to bore for oil. It is quite apparent that the injunction matter, by all sides, was considered settled and no longer in the case, but that there was then being tried out what damages, if any, defendant was entitled to on account of plaintiff's occupancy of the premises. The sureties on the injunction bond were not parties to the action, the bond itself was not declared upon, and not introduced in evidence, and was not referred to at the trial. Defendant had a right to damages, such as he prayed for in his answers and proved at the trial, even though he had been restrained from interfering with plaintiff's operations. The damages claimed by him and proven at the trial did not arise on account of the issuing of the injunction, because that was to the effect only that defendant should not interfere

with plaintiff's oil operation, but the injunction did not give the plaintiff the right to tear down defendant's fences and so permit his stock to go at large or to do any other thing complained of by defendant in his answers.

Plaintiff next advances the proposition that the counterclaim set up in defendant's supplemental answer is for alleged damages for matters occurring after the granting of the injunction relief sought by plaintiff in his petition. To state plaintiff's contention more succinctly, it is that damages occurring after commencement of the action can not be recovered by a counterclaim. The question here raised seems to be an original one as far as our own courts are concerned, and, without deciding the point, we will observe that the contention seems to be sustained by the authorities from other states. 34 Cyc. 670; *Kansas Loan & Inv. Co. v. Hutto et al.*, 48 Kan. 166, 29 Pac. 558; *Simpson et al. v. Jennings et al.*, 15 Neb. 671, 19 N. W. 473; *Jones et al. v. Swank*, 54 Minn. 259, 55 N. W. 1126. But see *Wynnewood Cotton Oil Co. v. W. R. Moore*, 54 Okla. 163, 153 Pac. 633.

However, as we view the case at bar, it does not turn upon the foregoing proposition. On the 19th day of May, 1910, the court made the temporary injunction, granted on the 28th day of April, 1910, permanent. The record does not contain the evidence, if any, produced at this hearing. On the 5th day of September, 1910, the plaintiff filed a supplemental petition praying for damages against the defendant for destroying a well rig and for hindering plaintiff in his well drilling on the premises in controversy. On the 13th day of January, 1911, the defendant filed a supplemental answer, wherein he asked for further damages which he alleged he had sustained on

account of plaintiff's occupancy of the land since the filing of his original answer. On the 15th of February, 1912, the plaintiff filed a motion to strike defendant's supplemental answer and the allegations in the original answer seeking affirmative relief, for the reason that said allegations failed to state proper matter of counterclaim or set-off, which motion was by the court overruled.

On the 24th day of May, 1913, the case, as far as the same related to the damages sustained by defendant, went to trial before a jury. On the opening of the case the plaintiff made the following objection, which was overruled:

"At this time the plaintiff, Charles Page, objects to the introduction of any testimony on behalf of the defendant, for the reason that the same is incompetent, irrelevant, and immaterial, and on matters alleged as a counterclaim are not proper matters of affirmative relief to the defendant in this cause."

Near the close of the trial the defendant offered in evidence plaintiff's supplemental petition, whereupon the plaintiff dismissed said supplemental petition.

From this history of the case, imperfectly as the record gives it, we can arrive at no other conclusion than that the court treated the litigation between the parties as divided into two distinct actions. While all the pleadings were filed in the same cause, yet this could be easily done and we believe that was the intention of the court and the parties thereto. The injunction was made permanent on May 19, 1910, apparently by consent of all the parties, and that matter passed out of the case, for we do not find the same alluded to again in any way, but both sides thereafter filed pleadings looking to an adjust-

ment of the damages between them, and even the plaintiff himself filed a pleading asking for damages against the defendant, and thereby invited the court to adjust the matter of damages between them.   It is true he interposed timely objections against the defendant's testimony, but he was at that time in the anomalous position of having on file a pleading asking for damages similar to the kind he objected to defendant offering proof on. Although he dismissed his petition asking for damages near the close of the case, yet it appears to us that it came too late, because he had invited the trial upon the issues as framed and it was then near its close.   He pulled the string too late.

We recommend that the judgment be affirmed.

By the Court:   It is so ordered.