**DAVIS et al. v. FARNSWORTH et al.**

No. 7933—Opinion Filed Oct. 30, 1917.

Rehearing Denied Nov. 20, 1917.

(171 Pac. 475.)

**Appeal and Error—Ruling on Demurrer—
—Estoppel to Assign Error.**

Where a demurrer is interposed to the plaintiff's evidence, and his counsel announces in open court that he is willing that the same should be sustained, he is estopped from assigning the ruling sustaining the demurrer as error upon appeal.

(Syllabus by Galbraith, C.)

Error from District Court, Okfuskee County; Geo. O. Crump, Judge.

Action by M. L. Davis and another against F. B. Farnsworth and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

Emery A. Foster, for plaintiffs in error.

Samuel L. O'Bannon and John L. Norman, for defendants in error.

Opinion by GALBRAITH, C. This was an action to cancel an oil and gas lease on account of fraud in securing the execution thereof, and for damages growing out of the placing such lease of record. When the case was called for trial the plaintiffs dismissed the action so far as the element of fraud and the relief of cancellation were concerned, leaving their claim standing as an action for damages. A jury was impaneled and the plaintiffs introduced their evidence, whereupon the defendants demurred thereto, which demurrer was by the court sustained and judgment was entered dismissing the action and against the plaintiffs for costs. It is this ruling that is complained of by the plaintiffs in error on this appeal, as will appear from the following quotations from the brief of plaintiffs in error.

"By Mr. Norman: Come now the defendants and demur to the evidence on the grounds that no cause of action has been proven in favor of the plaintiffs and against the defeadnts or either of them. Mr. Davis said there was no fact misrepresented to him except one, and that Mr. Miller told him that he was getting the lease for Mr. Farnsworth. And you allege that the lease was taken in Mr. Farnsworth's name, and there is no evidence that any person owns a single solitary item.

"By Foster: Yes; they admitted that in their answer. Counsel admitted it to the jury.

"By the Court: That might be admitted.

"By Mr. Foster: That he had an interest in it.

"By Mr. Foster: I am willing that the court sustain the demurrer.

"By the Court: Demurrer sustained."

As to the errors complained of the counsel says:

"The only error, if any was committed, was in sustaining the defendants' demurrer to plaintiffs' evidence. The evidence on the part of the plaintiffs was sufficient to take the case to the jury."

It will be seen from the above excerpt that after the demurrer to the evidence was interposed counsel for the plaintiffs expressed his willingness that the same might be sustained, in this, he said, "I am willing that the court sustain the demurrer," thus inviting the action of the court of which he complains on this appeal. This he cannot do. He cannot consent that a demurrer be sustained then assign it as error on appeal. This doctrine is so well established in this jurisdiction that it ought not to be necessary to cite authorities in support of it. However, a few of the cases announcing this rule are: Territory v. Cooper, 11 Okla. 699, 69 Pac. 813; Wallace v. Duke, 44 Okla. 124, 142 Pac. 308; Page v. Tryon, 54 Okla. 634, 154 Pac. 526; Pressley v. Incorporated Town of Sallisaw, 54 Okla. 747, 154 Pac. 660; C., R. I. & P. R. Co. v. Morton, 57 Okla. 711, 157 Pac. 917; St. L. & S. F. R. Co. v. Hodge, 53 Okla. 427, 157 Pac. 60.

The judgment appealed from should therefore be affirmed.

By the Court: It is so ordered.