### SCHICHTEL v. TURINSKY et al.

No. 19927. Opinion Filed May 5, 1931.

Phil W. Davis, Jr., for plaintiff in error.

Clarence Campbell, for defendants in error.

LESTER, C. J. This appeal is from a judgment of the district court of Tulsa county, Okla., overruling a motion for new trial, which judgment also denies the motion of the plaintiff in error herein to vacate a judgment of the court purporting to assess cost and allowing attorneys' fees.

Plaintiff in error, Schichtel, brought an action against Emma Turinsky and others to prevent the enforcement of an execution in favor of said Turinsky and against Schichtel on a judgment of the justice of peace, which judgment was before the district court, and to have the judgment upon which said execution was based declared void. The action, No. 40422, terminated in a judgment adverse to Schichtel, and his motion for new trial in that cause was overruled, and notice of appeal to this court was given, and appeal lodged in this court. This court reversed that cause. See Schichtel v. Turinsky, 144 Okla. 240, 291 Pac. 84. While said appeal was pending in this court and supersedeas bond had been given to supersede said judgment, the said defendant in the court below attempted to proceed with the sale of certain personal property levied upon by the sheriff of said county. The court thereafterwards allowed a judgment for attorneys' fees and certain costs.

Plaintiff in error complains of the action of the court and assigns several specifications of error. However, we think that this cause may be disposed of upon the fourth assignment, which is as follows:

"That the court erred in assuming jurisdiction to hear and determine on September 6, 1928, the claim for attorneys' fees or other relief, because the case was then pending on appeal in the Supreme Court."

While the above-mentioned cause of action was pending in the Supreme Court we do not think that the district court of Tulsa county, Okla., had jurisdiction to make and enter the order assessing the cost and attorneys' fees, and we so hold, for the reason that where there is a cause pending in the Supreme Court and supersedeas bond having been executed and filed, the trial court is without authority to make any order which materially affects the rights of the parties, and if the trial court makes such an order, this court has heretofore held that the order is null and void.

In the case of Dooley v. Foreman, 94 Okla. 163, 221 Pac. 47, this court stated:

"While the jurisdiction of a cause is in the Supreme Court by appeal, the trial court is without authority to make any order which materially affects the rights of the parties; and if the trial court makes such an order, it is null and void."

See, also, Short v. Chaney et al., 66 Okla. 258, 168 Pac. 425.

Judgment of the district court is reversed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent. McNEILL, J., disqualified and not participating.