BENSON v. BENSON.

No. 31382. May 23, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 416.*

310

Hugh M. Sandlin and Marvin Balch, both of Holdenville, for plaintiff in error.

L. W. Crutcher, of Holdenville, for defendant in error.

PER CURIAM. This action was instituted on September 19, 1941, by Floy Benson, hereinafter referred to as plaintiff, against G. L. Benson, hereinafter referred to as defendant, to recover a balance alleged to be due under the terms of a property settlement which the parties had entered into on September 26, 1935, and to impress an equitable lien on the six-acre tract which the plaintiff had quitclaimed to the defendant at the time the property settlement was consummated.

The petition of plaintiff contained two causes of action. The first cause of action was for a money judgment on a contract. The second cause of action was for equitable relief arising out of an alleged failure of defendant to pay the consideration which had induced the transfer of the six acres of land involved. Defendant admitted the execution of the contract but pleaded the statute of limitations in bar thereof and laches as a bar to the maintenance of the equitable action. The parties waived a jury and tried the cause to the court. The evidence adduced at the trial disclosed, in substance, that the parties had been married some 29 years when they decided to separate; that the parties thereupon entered into a written contract whereby plaintiff was to receive the home place and defendant was to receive all other properties and defendant was to pay plaintiff the sum of $5,000 in monthly payments of not less than $50 per month; that defendant had continued to make some payments on the contract until May, 1937, and that the home place which had been conveyed to the plaintiff had been lost by her shortly after the conveyance by reason of encumbrances and taxes thereon. There was no serious dispute regarding the amount due from defendant to plaintiff on the contract. Defendant contested the right to a lien. The trial court, upon all of the evidence submitted, found the issues in favor of plaintiff and rendered money judgment in her favor in the sum of $3,750, with interest thereon from the date of the judgment at 6 per cent per annum, and further judgment establishing a lien of $1,500 against six acres of land which plaintiff had conveyed to defendant. This appeal is from the judgment establishing the equitable lien. The validity of the money judgment is not being contested.

As grounds for reversal of the judgment below, the defendant submits the following propositions:

"1. That any right or claim that the plaintiff may have had by reason of her allegations of fraud is barred by limitation of action in law or laches in equity.

"2. That there is no law giving the plaintiff a right to a lien such as the court decreed in this cause.

"3. That as a matter of equity, the plaintiff is not entitled to have a lien impressed upon the property of the defendant in this cause."

The defendant contends that the first proposition advanced is decisive of this appeal, and in connection therewith says that since an agreement between husband and wife as to the amount of alimony to be paid after divorce is extinguished by entry of the decree of divorce (See McRoberts v. McRoberts, 177 Okla. 156, 57 P. 2d 1175), and since the court which granted the parties a divorce approved the settlement between them, this had the effect of making the settlement a part of the judgment, and therefore plaintiff was not at liberty to bring an action on contract but was relegated to the maintenance of an action for fraud in the inducement or else to an action to vacate or modify the judgment previously rendered, and that in either event plaintiff was barred from maintaining such proceeding by virtue of 12 O.S. 1941 § 95, subd. (3), and § 1038. In support of the latter contention our attention is directed to Kauffman v. McLaughlin, 189 Okla. 194, 114 P. 2d 929. An examination of the authorities cited will reveal that they are without application to the case at bar. The case of plaintiff is based upon contract for the payment of money and not for alimony as was provided in McRoberts v. McRoberts, supra, and the equitable relief sought was that which may be afforded in cases where right and justice as applied to the relation of parties and circumstances may grant relief. The defendant does not appeal from the money portion of the judgment and thus, in effect, concedes that it was a valid and subsisting obligation. The right to maintain the action for the legal remedy not being barred by statute of limitations, the right to the equitable relief was likewise not barred for such reasons.

Under the second proposition defendant cites 42 O.S. 1941 § 6 as authority for the contention that plaintiff had no contractual or statutory lien. This is immaterial since the lien here involved was an equitable lien.

Under the third proposition defendant contends that, even though the right of plaintiff to the relief sought might not be barred by the statute of limitations, in equity and good conscience she should not have been awarded an equitable lien upon the six acres involved. Defendant cites no authority in support of this contention, but relies upon his testimony relative to the status of this property at the time plaintiff conveyed the same to him. Under the record we are of the opinion that the trial court could properly impress an equitable lien upon the land. Thacher v. International Supply Co., 176 Okla. 14, 54 P. 2d 376.

This appeal involving as it does matters cognizable in equity and the judgment of the trial court not being clearly against the weight of the evidence, we are not at liberty to disturb the judgment. Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, and ARNOLD, JJ., concur.