**Dorothy Mae PHILLIPS, Appellee,**

**v.**

**Jean L. PHILLIPS, Appellant.**

**No. 48260.**

Supreme Court of Oklahoma.

Nov. 9, 1976.

James W. Bill Berry, Howard K. Berry, Jr., Berry, Nesbitt & Berry, Oklahoma City, for appellee.

John M. Sheehan, McClelland, Collins, Sheehan, Bailey & Bailey, Jerry L. Mash, Oklahoma City, for appellant.

LAVENDER, Justice:

Dorothy Mae Phillips (wife) brought suit for divorce against Jean L. Phillips (husband) September 5, 1972. Some twenty-eight months later the matter was heard on its merits January 10 and 17, 1975. Trial judge announced his judgment on conclusion of the second hearing. That judgment granted wife a divorce for the fault of the husband. It also made division of their property. Thereafter a hearing was held and determination made as to attorney's fee. The trial court required husband to pay $13,500 of a $20,000 attorney fee of the wife's. The husband appealed as to the division of property and payment of attorney's fees.

The marriage had been of some 38 years duration. He was a capable and well-trained business man. He had been president of a bank. At time of the divorce, he was approximately 63 years old, and was in fair health. She had been employed in the earlier years of the marriage for about

fifteen years. This ended in 1955. She was approximately 58 years old when the divorce was granted. He was judicially found at fault.

The Court of Appeals opinion took as a basis for division of the property a "Statement of Assets" prepared by the wife's CPA and introduced by her into evidence, as Exhibit #15. That statement set forth values as to items of property. If values were in conflict under the evidence, the average was used. It showed assets of nearly $550,000. Included was a one-fifth interest in 169 acres inherited by the husband with a value in the exhibit of $82,250. The opinion concluded that item was included in the trial judge's stated effort to evenly divide the property. Its inclusion was found in error under *Palmer v. Palmer*, Okl., 465 P.2d 156 (1969). It removed that value from consideration in the division. The opinion sought to equalize the value by modifying the trial court's judgment in removing from the wife's award of property noted as "Fifth Street Property-Yukon" with a value in the exhibit of $35,000 and a reduction of cash to her in a savings account of $8,293.11. This resulted in a total adjustment or reduction of

the property award to the wife of $43,293.-11.

In seeking certiorari, the wife's principal arguments concern themselves with demonstrating the basic exhibit of assets used in the Court of Appeals opinion did not include assets liquidated by the husband during the twenty-eight months from the time the divorce action was filed and the trial court's judgment. Nor had the liquidations been strictly accounted for by the husband.

In response, the husband argued the principal transactions were included in a cash flow exhibit (No. 16) as to the husband and introduced into evidence by the wife as prepared by her CPA. No effort or explanation is made as to the effect the cash flow exhibit has on the items and values included in the statement of assets (Exhibit No. 15).

■ If the journal entry of judgment is considered alone, it could support the Court of Appeals conclusion the trial court sought to include in the division of property the separate inherited property of the husband. We conclude otherwise by the "rendered" judgment as pronounced by the trial court at the end of the second hearing.[1] A judgment is "rendered" when

1. "Then, gentlemen, I think I am ready to announce judgment in this case.

"Gentlemen, before announcing my judgment I think I should say for the record that I have spent really considerable time in reviewing the evidence in this case, reviewing the file, as you would notice, I did notice those things, I have been through this case in some detail.

"I have attempted in this judgment to divide this property in an equitable way almost *evenly in value after putting my values on it. I have not* in every case *followed the value of any particular witness*, but have made my own decisions about some of these matters.

"I should also inform you *because there was considerable commingling of the cash* in various areas and because *it was not really possible*, I thought, *to have the kind of accounting, dollar and cent precision in it*, that it may be that at first it will not seem that it has been * * * done that

carefully, but I thought that I should explain that for the record.

"Also, I have attempted to *take into consideration* here the various items that are in *evidence of expenditures in some cases from joint funds, some cases from private funds, and adopt adjustments in the division of property based on that evidence*.

"Gentlemen, it is the order and judgment of the Court that the plaintiff will have and be awarded that portion of the homestead property identified as the 94.3 acres on Defendant's Exhibit 1.

" * * * let me first deal with the plaintiff's award in its entirety.

* * * * *

" * * * : I have also determined that the plaintiff should have the office building in Yukon; the note receivable from the farm sale that I believe was referred to as the Brown note; the 1966 Mercury automobile; all of the bank accounts, both checking and savings now held in her name.

pronounced by the court. *Taliferro v. Batis,* 123 Okl. 59, 252 P. 845 (1927). This is the same judgment, rendered through the trial court's pronouncement, relied upon by the Court of Appeals opinion for divisional equality.

The judgment rendered January 17, 1975, shows the trial court did not use or base his judgment of values exclusively on the exhibit used by the Court of Appeals. He did not follow the values of any particular witness. He made division in an equitable way and almost evenly in values as determined by him under the evidence. Because of considerable commingling of cash, including expenditures from joint accounts and private funds, there could be no exact accounting. He adopted adjustments in the division of property to compensate for that lack of exact accounting.

The judgment gave the wife the homestead property (less acreage requested by the husband), an office building in Yukon, the Brown note, an automobile and the bank accounts in her name. The defendant was "awarded *all of the other property of the parties* including the joint checking account" at a bank.

 We hold the divisional equality sought by the trial court's judgment did not include the inherited and separate property of the husband. That division was not intended equal to the dollars and cents. Its equality included consideration of the trial court's value found under the evidence and adjustments caused in commingling of funds, particularly in liquidation of property during the twenty-eight month period between the filing of the ac-

tion and the rendering of judgment. The record was reviewed. We agree with the trial court that it is not possible to have the kind of accounting with dollars and cents precision in it. The judgment is not clearly against the weight of the evidence. In granting a divorce, the court has wide latitude in determining what part of jointly acquired property shall be given to each party. *Roemer v. Roemer,* Okl., 373 P.2d 55 (1962).

 The rationale, in the Court of Appeals opinion, for reversing the trial court's award of $13,500 of the wife's total attorney fee of $20,000 against the husband would limit the trial court's award to an economic need for securing competent legal help. No authorities are cited. In *McCoy v. McCoy,* Okl., 429 P.2d 999 (1967) this court said the trial court was vested with a wide discretion. It should consider the parties, and all of the circumstances in the case, including the means and property of the respective parties under the property division. Before such an order will be reversed, it must clearly appear that the trial court abused its discretion. No such abuse is found in this case.

Certiorari is granted. The opinion of the Court of Appeals is withdrawn and the decision of the trial court is affirmed without modification.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., dissents.

---

*"The defendant is hereby awarded all of the other property of the parties including the joint checking account at Citizens National Bank in Oklahoma City."* (Emphasis added.)