**William R. WABAUNSEE and Vivian Hahn Wabaunsee, Petitioners,**

v.

**Honorable Richard V. ARMSTRONG, Judge of the District Court of Tulsa County, Oklahoma, Respondent.**

No. 52455.

Supreme Court of Oklahoma.

Sept. 12, 1978.

Eric E. Anderson, Paul F. McTighe, Jr., Tulsa, for petitioners.

Scott T. Knowles, Tulsa, for respondent.

---

**9.** *Carlson v. Prestige Gas Co.*, 28 Ill.App.3d 926, 329 N.E.2d 477 (1975) decided under the uniform act.

LAVENDER, Vice Chief Justice:

Petitioners, William R. Wabaunsee and Vivian Hahn Wabaunsee (Wabaunsees), brought suit in District Court of Tulsa County against Southwestern Insurance Company (Southwestern) seeking to recover under an insurance contract for losses incurred resulting from a theft of personalty from their residence. On trial, jury verdict and judgment was entered against the Wabaunsees and for Southwestern. The Wabaunsees lodged an appeal to this by timely filing a petition-in-error. Thereafter, and with the appeal pending, Southwestern sought by motion in the trial court to recover cost and attorney fee under 36 O.S.Supp. 1977, § 3629 B.[1] Trial court overruled Southwestern's motion, but on motion to reconsider reversed that action and set the matter for evidentiary hearing. The Wabaunsees bring this original action asking this court to assume original jurisdiction and grant writ of prohibition to prevent the trial court from proceeding further during the pendency of the appeal.

Petitioner's thrust position contends the trial court's jurisdiction is suspended where this court has acquired jurisdiction by appeal.

▪ In *Schichtel v. Turinsky*, 148 Okl. 296, 298 P. 879[1] (1931) an action was brought in district court to prevent the enforcement of an execution on a judgment of the justice of peace. District court refused relief and an appeal was lodged to this court. While appeal was pending, trial court entered order allowing cost and attorney fee. There, this court said:

"While the above-mentioned cause of action was pending in the Supreme Court, we do not think that the district court of Tulsa county, Okl., had jurisdiction to make and enter the order assessing the cost and attorneys' fees, and we so hold, for the reason that where there is a cause pending in the Supreme Court, and super-

sedeas bond having been executed and filed, the trial court is without authority to make any order which materially affects the rights of the parties, and, if the trial court makes such an order, this court has heretofore held that the order is null and void.

In the case of *Dooley v. Foreman*, 94 Okl. 163, 221 P. 47, this court stated: 'While the jurisdiction of a cause is in the Supreme Court by appeal the trial court is without authority to make any order which materially affects the rights of the parties; and if the trial court makes such an order it is null and void.' See, also, *Short v. Chaney et al.*, 66 Okl. 258, 168 P. 425."

In present case, no supersedeas bond was necessary, for no recovery was allowed.

▪ Southwestern, through the respondent, argues *National Educators Life Insurance Company v. Apache Lanes, Inc.*, Okl., 555 P.2d 600 (1976) controls. We do not agree. In that case, records of this court reflect a mandate was issued January 9, 1975. Briefs filed in that cause indicate motion to tax cost was filed in the trial court February 5, 1975, with the filing of the mandate on February 12, 1975, and the awarding of cost including attorney fee by order of the trial court on May 16, 1975. In the cited case, the motion to tax cost was filed after this court's opinion had been promulgated and rehearing thereon had been denied and the mandate issued. The mandate, however, had not been filed in the trial court at that time. There was no objection by the aggrieved party to the trial court's consideration of the motion on the grounds this court's mandate had not yet been filed and spread of record. The trial court proceedings without objection as to the mandate not being received, filed, and spread of record, is but harmless error and no weakness inheres in the degree entered by reasons thereof. *Schneider v. Decker*,

1. 36 O.S.Supp.1977, § 3629 reads, in part:

"A. * * *

"B. * * * Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For pur-

poses of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. * * * *."

144 Okl. 213, 291 P. 80 (1930). This same suggestion is found in the language of *National Educators Life Insurance Company, supra.* The mandate having been issued at the time court costs were awarded, the trial court was not deprived of awarding cost before the mandate was spread of record.

In the present case, the trial court seeks to hold evidentiary hearing leading to an order awarding cost and attorney fee after appeal has been properly lodged in this court, while that appeal is pending, and prior to an opinion and issuing of a mandate thereon by this court. The trial court is without authority to presently take such action. *Schichtel, supra.*

Under this holding, other issues contained in this original action need not be determined.

Jurisdiction is assumed and writ of prohibition granted.

All of the Justices concur.