Dell Roy **PIERCE, d/b/a Dell's North Campus Motors, Appellee,**

v.

The **WESTERN CASUALTY & SURETY COMPANY, a foreign insurance corporation, and Herbert L. Champeau, d/b/a Herb Champeau Insurance Agency, Appellants.**

No. 58131.

Court of Appeals of Oklahoma,
Division No. 4.

June 28, 1983.

Released for Publication by Order of the Court of Appeals July 29, 1983.

Kenneth Dewbre, Dewbre & Shores, Oklahoma City, for appellee.

Charles F. Alden III, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellants.

BRIGHTMIRE, Presiding Judge.

■ The question here is whether the trial court had jurisdiction to assess attorney fees as costs, following disposition of an appeal, in response to a motion of the prevailing party filed after issuance of a mandate by an appellate court, but before it was filed of record in the trial court.

We hold that it did have and affirm the award of an attorney's fee to the prevailing party.

I

The appellant, Western Casualty & Surety, does not challenge the fact that 36 O.S. 1981 § 3629B, authorizes the awarding of an attorney's fee to the prevailing party under certain predicatory conditions and that such statutory conditions were met in this case. What Western objects to mainly is the fact that Pierce never made the

"awarding of attorney fees ... an issue in the case prior to the filing of the appellate court's opinion."

■ We do not see how the awarding of an attorney's fee to the prevailing party could or should become an "issue" until after the prevailer becomes known. Lawyers routinely ask for attorney fees and costs in their petitions but, besides being unnecessary, such request does not create a justiciable issue in the case, unless, of course, costs or attorney fees are sought as part of the damages involved in the cause of action being prosecuted. Generally speaking, costs and attorney fees are subjects of post-trial motions and hearings. With regard to cases appealed, the trial court must await issuance of a mandate to entertain costs and attorney fees assessment motions. She need not await its filing. *Wabaunsee v. Armstrong,* Okl., 584 P.2d 222 (1978).

II

Western secondarily contends that the statute authorizing the attorney fees award —36 O.S.1981 § 3629—is unconstitutional because nothing is said about attorney fees in the title and Okla. Const. art. V, § 57, specifies that every act of the legislature "shall be clearly expressed in its title ... "

■ The term "subject," as used in this section, is to be given a broad and extensive meaning which enables the legislature to include, in an act, all matters having a logical or natural connection to the general subject, though not mentioned specifically in the title. *State ex rel. Oklahoma State Highway Commission v. Horn,* 187 Okl. 605, 105 P.2d 234 (1940).

■ According to Western, the title of subject act is as follows: "Forms of Proof of Loss—Offer of Settlement or Rejection of Claim." This is not, however, the title of the act, but an abbreviated caption presumably prepared by West Publishing Company. The title of the act, as it appears in the 1977 Session Laws, reads thus:

"AN ACT RELATING TO INSUR-
ANCE; AMENDING 36 O.S.1971,

SECTION 3629; REQUIRING INSURER TO FURNISH PROOF OF LOSS FORMS; ADDING REQUIREMENT THAT INSURER SUBMIT WRITTEN SETTLEMENT OFFER WITHIN SPECIFIED TIME; ADDING PROVISION ALLOWING COSTS TO PREVAILING PARTY AND DEFINING PREVAILING PARTY; PROVIDING EXCEPTION; AND SETTING AN EFFECTIVE DATE."

This, we think, is a sufficiently clear expression of the general subject embraced by the enactment, and it is broad enough to permit inclusion of the attorney's fee provision—a cost related matter.

The judgment appealed is affirmed.

DeMIER and STUBBLEFIELD, JJ., concur.