Harvey L. HARMON, Sr., Appellant,

v.

Dorothy R. HARMON, Appellee.

Nos. 55660, 56279.

Supreme Court of Oklahoma.

Sept. 20, 1983.

Rehearing Denied July 19, 1988.

Michale J. Tullius, Fagg, Brandon & Tullius, Oklahoma City, for appellant.

James W. Bill Berry & Associates, James W. Bill Berry, Oklahoma City, for appellee.

LAVENDER, Justice:

Husband/appellant appeals from a judgment of the trial court entered in a divorce proceeding and thereafter filed a separate appeal from an award of attorney fees to wife/appellee entered subsequent to the entry of the original decree. The two appeals were consolidated. The cause was assigned to the Court of Appeals, Division 2, for the rendering of an opinion. Wife filed a petition for certiorari, and certiorari was previously granted by this Court. We now consider the various specifications of error postulated by husband.

I.

JURISDICTION OF THE TRIAL COURT TO AWARD ATTORNEY FEES TO WIFE FOR PRE-APPEAL LEGAL SERVICES.

■ Husband/appellant alleges that the trial court was without jurisdiction to award attorney fees to the wife after the initial formal divorce decree was entered in the cause, where that journal entry of judgment was silent as to attorney fees and failed to reserve the issue of attorney fees for future determination.

The case was tried on June 18, 1980. During the course of the trial, wife's attorney stated in open court: "Judge, I have been reminding myself all day, I'd like the record to reflect at this time, as provided by statute, I want to reserve the question of attorney fees, litigation expense, suit money and things like that. . . ." The record does not reflect any formal ruling on the "reservation" by the trial court, or any objection thereto by opposing counsel.

The trial court in his "Memorandum" of decision filed June 27, 1980, made no mention of any matters to be reserved or to be determined at a later date.

The formal decree of divorce, prepared by wife's attorney and filed on July 18, 1980, made no mention of attorney fees or of any unresolved issues to be determined in the case.

Husband lodged an appeal to this Court from the judgment of June 27, 1980.

On wife's motion, the trial court conducted a hearing on November 21, 1980, with reference to awarding attorney fees, litigation fees and other costs, and on December 12, 1980, the trial court awarded to wife an attorney fee to be paid by husband in the sum of $12,000, with $1,000 to be credited against the award for payment previously made under order of the court.

Husband filed a timely appeal from the "second award," and this appeal was consolidated with the first appeal taken by husband.

Husband urges that there can be but one judgment in a cause; that the journal entry of July 18, 1980, appears on its face to be a complete judgment determining all issues; that the "reservation" by wife at trial of the attorney fee issue was ineffectual because the trial court made no ruling thereon; and since the original journal entry made no reservation of any issues for later determination, the trial court had no jurisdiction to thereafter award attorney fees to the wife for services rendered up to the time of the lodging of the first appeal. We disagree.

In *Frankovich v. Frankovich*,[1] (587) we held on appeal that the trial court did not err in failing to grant any temporary alimony or any temporary attorney fee for defendant's attorney *where there was nothing in the record to indicate that the matter of temporary allowances of any kind was ever presented to the trial court, and nothing in the record to indicate that defendant made known to the trial court the action which defendant desired the trial court to make and his grounds therefor.* The case before us is clearly distinguishable. The pre-trial order clearly disclosed that wife sought attorney fees. And while the trial court made no formal ruling upon wife's purported "reservation" of the issue of attorney fees at the trial, it at least served as notice that her

1. Okl., 459 P.2d 583 (1969).

attorney fee was still a viable issue in the case and had not been waived.

We next turn to the question of whether the journal entry of July 18, 1980, is preclusive of the trial court's later consideration and determination of the attorney fee issue. This in turn requires consideration of the nature of attorney fees in their relation to a decree of divorce rendered before their award.

Title 12 O.S.1981 § 1276 provides in pertinent part:

" * * * on granting a divorce in favor of the wife or the husband, or both, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper considering the respective parties and the means and property of each; ...."

In the case of *Jones v. Jones*,[2] we said:

"The question before us is whether, in a matrimonial action, the trial court has the authority to entertain wife's post-decree application for alimony and counsel fees after the husband's appeal has been brought here from the divorce decree. We hold that in the post-decree state of a matrimonial case in which no alimony was allowed the trial court is nonetheless vested with authority, subject always to our power of reexamination, to consider an application for provisional relief or interim adjustment of adjudicated property or custodial rights, all to remain in effect while the appeal is pending."

And we further said:

"Pre-1969 case law, which uniformly held that the trial court's jurisdiction ceased or stood suspended when an appeal had been brought, constitutes obsolete lore. Our post-1969 appellate procedure affords a convenient framework within which both trial and appellate courts share in the exercise of responsibility in resolving issues that are 'ancillary' to the pending appeal. In matrimonial litigation, among acts a trial judge is fully empowered to perform in a post-appeal stage are those pertaining to 'temporary adjustment of adjudicated rights pending the final disposition of appeal."

The "ancillary" and "accessory" ' status of such matters as payment of support, alimony and counsel fees during an interspousal appellate contest in their relation to the remainder of a divorce decree judgment was further clarified in *Wilks v. Wilks* [3] wherein we held them to be an "accessory" to the other provisions of a divorce decree judgment with reference to supersedeas thereof. In *Wilks* (763) we said: "Both the trial and appellate courts may make provisions for payment of support, alimony and counsel fees during an interspousal appellate contest."

In light of the foregoing, we hold that a trial court has jurisdiction to direct one spouse to pay the other spouse's attorney fees after judgment has been entered in the lower court and while an appeal from the judgment is pending in the appellate court regardless of whether the issue of attorney fees was omitted from the terms of the journal entry of judgment and regardless of whether the issue was therein reserved for later determination, provided only that the attorney fee issue is then a viable issue in the case and not theretofore resolved by order of the trial court. In so holding, we distinguish between matrimonial actions and other civil actions, for the reasons more fully explained in *Jones v. Jones, supra,* and *Wilks v. Wilks, supra,* particularly in the light of the 1969 amendment to the statute pertaining to an appeal in divorce litigation (12 O.S.1981 § 1282) as construed by this Court in *Wilks.* Thus, the case before us is distinguishable from *Wabaunsee v. Armstrong* [4] wherein we held that in non-matrimonial 'actions where the judgment of the trial court is superseded by bond, or where no supersedeas bond is required where no recovery was allowed, the trial court is without authority to award cost and attorney fee after an appeal has been properly lodged in the Supreme Court, and while the appeal is pend-

2. Okl., 612 P.2d 266 (1980).

3. Okl., 632 P.2d 759 (1981).

4. Okl., 584 P.2d 222 (1978).

ing and prior to opinion and issuing of mandate thereon.

## II.

### HUSBAND'S INTEREST IN PROFIT-SHARING PLAN AS JOINTLY ACQUIRED PROPERTY.

■ Husband for many years contributed ten percent to a profit-sharing plan each year while a corporation of which he is a shareholder and employee contributed fifteen percent of each employee's salary to the plan. The value of husband's interest at the time of the divorce was determined to be $53,000. Husband's interest was treated by the trial court as jointly acquired property and awarded to husband with equal offsetting property being awarded to wife. Husband's assertion of error in treating said interest as jointly acquired property is fully answered in *Carpenter v. Carpenter*,[5] and is without merit.

While there was evidence that wife also participated in a profit-sharing plan in connection with her employment, a review of the record discloses that husband made no claim of any interest therein, and no evidence as to its value was presented. Claims of error not supported by the record will not be considered by this Court on appeal.[6]

## III.

### TRIAL COURT'S DIVISION OF JOINTLY ACQUIRED PROPERTY, AWARD OF SUPPORT ALIMONY AND ATTORNEY FEES.

■ Husband challenges the division of property between the parties, the support alimony award to the wife, and the order to husband to pay wife's attorney fee as made and determined by the trial court.

In *Carpenter v. Carpenter*[7] (651) we said:

---

**5.** Okl., 657 P.2d 646.

**6.** *Matter of Rich*, Okl., 604 P.2d 1248 (1979).

"The exigencies of a particular case can be best determined by the trial court, and unless the division of jointly acquired property made by the trial court in a divorce action is against the weight of the evidence and is inequitable, it will not be reversed or modified on appeal."

And we further said with reference to a trial court determination as to payment of attorney fees in a divorce case (653):

"*Phillips v. Phillips* (Okl., 556 P.2d 607 (1976)) is a case factually similar to the case at bar. There we said: 'In *McCoy v. McCoy*, Okl., 429 P.2d 999 (1967) this court said the trial court was vested with wide discretion. It should consider the parties, and all of the circumstances in the case, including the means and property of the respective parties under the property division. Before such an order will be reversed, it must clearly appear that the trial court abused its discretion.'"

In the case at bar, husband was 59 years of age and wife was 58. The parties had been married to each other for 37 years. The three children born of the marriage are grown. Both parties are in good health. Husband is a practicing attorney with 33 years experience. Wife was a homemaker during most of the marriage, but has worked for a travel agency since 1977.

While there was a considerable dispute as to the value of much of the property, the trial court awarded the jointly acquired property as follows:

### TO HUSBAND

| | |
|---|---|
| 1969 Mustang | $ 1,000. |
| Oklahoma City Golf & Country Club Stock | 8,000. |
| Professional Corporation Stock | 1,700. |
| Pension & Profit Sharing Plan ($106,000) discounted 50% | 53,000. |
| First National Bank checking | 1,700. |
| Liberty National Bank savings | 113. |
| Continental Federal S & L account | 100. |
| American Heritage stock | 768. |
| Globe Life stock | 18,081. |
| O.G.&E. stock | 14,225. |
| All Standard stock | 0. |
| Neveen Bond Fund | 5,000. |
| Prudential Ins. policy | 0. |

---

**7.** *Supra,* note 5.

## TO HUSBAND

| | |
|---|---|
| Fidelity Bank checking | $ 58. |
| Liberty National Commercial Paper | 24,826. |
| Fidelity Corp. stock | 9,963. |
| Liberty Owens Ford stock | 2,007. |
| Puget Sound Power stock | 4,081. |
| Grand River Dam Auth. Bond | 5,000. |
| Total awarded to Husband | $149,690. |

## TO WIFE

| | |
|---|---|
| Unimproved lots | $ 750. |
| 1976 Cadillac Eldorado | 2,000. |
| Nichols Hills Bank checking | 3,300. |
| Continental Federal S & L savings | 7,700. |
| American First Commercial Paper | 1,703. |
| Bache Commercial Paper | 27,861. |
| First National Money Market Cert. | 21,279. |
| American Electric stock | 2,981. |
| Insilco stock | 1,452. |
| Union Electric stock | 1,275. |
| Bestaur stock | 2,147. |
| O.G.&E. stock | 1,337. |
| New York Life Insurance policy | 750. |
| Personal Retirement fund | 550. |
| The home and contents | 140,000. |
| Total awarded to Wife: | $215,085. |

The court awarded the husband a judgment against the wife for $32,700 to become due upon sale of the home or upon the wife's becoming 65 years of age. That judgment was made a lien upon the home. The total awarded to the wife was thus reduced by $32,700 making the total to the wife $188,385, as compared with the total awarded husband (including the $32,700 money judgment), the sum of $182,390.

Wife was further awarded support alimony of $65,000 payable at $500 per month for the next 121 months, and husband was ordered to pay wife's attorney fee in the sum of $12,000 with $1,000 credit being allowed for previous payment made by order of court.

Upon consideration of the entire record before us, we do not find that the division of jointly acquired property made by the trial court to be so against the weight of the evidence nor so inequitable as to justify reversal on appeal. Neither do we find that the trial court determination as to payment of attorney fees upon consideration of all of the circumstances in the case, including the means and property of the respective parties to be a clear abuse of discretion on the part of the trial court.

## IV.

## FAILURE OF TRIAL COURT TO REQUIRE HUSBAND'S JUDGMENT LIEN TO BEAR INTEREST.

■ Husband alleges error on the part of the trial court in its failure to direct that husband's lien awarded on the home of the parties shall bear interest from the date of the judgment until its payment. Husband points out that the lien could remain unenforceable for as long as seven years (until wife is 65 years of age) without yielding any return upon his frozen equity in the home.

The lien thus impressed is in the nature of an equitable lien, the terms of which are not governed by contract or statute, but instead are based upon equitable considerations.

In *Sims v. Sims*,[8] (696) we said:

"As stated in the case of *Hanscom v. Hanscom*, supra, (6 Colo.App. 97, 39 P. 885) a court of equity, independent of statute, has jurisdiction to award alimony; and it must necessarily follow that such a court can enforce its orders by impressing its judgment as a lien upon realty owned by the defendant, if in its opinion it is in the furtherance of what is fair and just."

And we further said:

"In an equitable action the findings of the trial court should be sustained, unless it appears his findings are clearly against the weight of the evidence; and the findings of the trial court should be strongly persuasive, and should not be set aside unless the Supreme Court can say, in equity and good conscience, that the conclusion reached by the trial court is clearly against the weight of the evidence."

In *Benson v. Benson*,[9] we held (Syllabus 2 by the Court):

"In the absence of an express contract, an equitable lien, based upon those maxims which lie at the foundation of equity jurisprudence, may arise by implication out of general considerations of right and justice, where as applied to the rela-

---

8.  150 Okl. 138, 300 P. 692, 79 ALR 414 (1931).

9.  194 Okl. 309, 151 P.2d 416 (1944).

tions of the parties and the circumstances of their dealings, there is some obligation or duty to be enforced."

The nature of an equitable lien is further illuminated in the case of *Hill v. Hill* [10] by the following:

"It is said of an equitable lien that it is not a right of property in the subject matter of the lien nor a right of action therefor, nor does it depend upon possession; *but is merely a right to have the property subjected to the payment of a debt or claim, ....*"

A judgment is the final determination of the rights of the parties to an action.[11] Husband's lien upon the home of the parties was a part of the judgment rendered by the trial court.

Husband cites Laws, 1979 Ch. 60 § 1 (Amended, 12 O.S.1981 § 727) in effect at the time of rendition of the judgment, which provides in pertinent part: "All judgments of courts of record ... shall bear interest at the rate of twelve percent (12%) per year, ... from date of rendition." Husband urges that the statute mandates the imposition of interest upon the judgment lien. We disagree. The issue thus presented is not whether a judgment is statutorily required to bear interest; but rather, whether the trial court's determination of a condition in the equitable lien (that it not bear interest) is clearly against the weight of the evidence, as measured by equity and good conscience. We cannot speculate, on appeal, as to the equitable considerations which might have prompted the trial court to specify that the lien not bear interest, and the record before us is devoid of what consideration of the relation of the parties and their circumstances impelled the trial court to direct the non-interest bearing aspect of that portion of the judgment. We therefore hold that the equitable lien as imposed upon the home of the parties as a part of the trial court's judgment is not contrary to the weight of the evidence or contrary to equity and good conscience; and the same is affirmed.

The judgment of the trial court is affirmed.

Chief Justice Don Barnes and Justices Pat Irwin, John B. Doolin, Marian Opala, and Alma Wilson certified their disqualification in this cause. Honorable Clifford Hopper, Honorable W.O. Green, III, Honorable Jane Wiseman, Honorable Robert A. Layden, and Honorable Tony Graham were appointed Special Justices to serve in their stead.

SIMMS, V.C.J., HARGRAVE, J., and HOPPER, GREEN and LAYDEN, Special Justices, concur.

HODGES, J., and WISEMAN and GRAHAM, Special Justices, concur in part and dissent in part.

HODGES, Justice, concurring in part and dissenting in part:

I dissent to the award of alimony for a period of 121 months.

GRAHAM, Special Justice, concurring in part and dissenting in part:

I concur in part, but dissent as to the award of all of Appellee's attorney fees to be paid by Appellant, this being an abuse of discretion by the trial judge.

I am authorized to state that Wiseman, Special Justice, concurs with the views expressed in this dissent.

---

**10.** 185 Kan. 389, 345 P.2d 1015 (1959).

**11.** 12 O.S.1981 § 681; *State v. Laughlin*, Okl., 277 P.2d 683 (1954).