## DOOLEY v. FOREMAN.

No. 11832—Opinion Filed Dec. 11, 1923.

1. **Appeal and Error—Effect of Appeal on Jurisdiction Below.**

When the Supreme Court acquires jurisdiction of a cause by appeal, the jurisdiction of the trial court is suspended, and remains suspended until the mandate from the Supreme Court has regularly reached it, and is spread upon its records.

2. **Same—Invalidity of Orders of Trial Court Before Mandate.**

While the jurisdiction of a cause is in the Supreme Court by appeal, the trial court is without authority to make any order which materially affects the rights of the parties; and if the trial court makes such an order. it is null and void.

3. **Same—Orders Pertaining to Pleadings and Parties.**

If. before the mandate of the ·Supreme Court has regularly reached the trial court and been spread upon its record, the trial court makes an order allowing the filing of a supplemental or amended petition, or grants a motion authorizing the making of new parties, the orders of the trial court and the amendment or supplemental petition are null and void.

4. **Same—Erroneous Allowance of Amendments.** _

A demurrer specifically challenging the jurisdiction of the court, to an amended or supplemental petition filed, in the trial court, while the case is pending in the Supreme Court, is well taken and it is reversible error for the court to overrule same!

(Syllabus by Jones, C.)

Commissioners' Opinion. Division 3.

Error from District Court, Okfuskee County: Lucien B. Wright, Judge.

Action. by Jeremiah E. Foreman against Tom Dooley. From the judgment, defendant appeals. Reversed and remanded.

Chastain, Harris & Young, for plaintiff in error.

L. L. Cowley, for defendant in error.

Opinion by JONES, C. This is a controversy between Tom Dooley, plaintiff in error, and Jeremiah E. Foreman, defendant in error. It seems from the briefs filed and the records in this case that in 1918 the defendant in error brought suit in the district court of Okfuskee county against R. G. Stepp et al., said cause being No. 2521 in the district court; that the case was tried on October 9, 1918, and a judgment was rendered in favor of defendant Stepp, and the plaintiff therein, Jeremiah E. Foreman, appealed to this court and said cause was numbered 10271, and that while said cause was pending in the Supreme Court, defendant in error in this case, who was plaintiff in error in the case heretofore referred to, filed a motion in the district court of Okfuskee county, in the original case No. 2521 in the district court, asking that the plaintiff in error, Tom Dooley, be made a party defendant in the original case and that he be permitted to file a supplemental petition making him a party defendant, and that summons issue; which motion was granted on the 6th day of October, 1919; and thereafter, on the 29th day of October, 1919, the appeal in this court in cause No. 10271 was dismissed. The summons issued to Dooley was duly served prior to the issuance of the mandate in the former case, and on the 7th day of November, 1919, the defendant, Dooley, filed a demurrer demurring to the jurisdiction of the court and pleading the statute of limitation as to the plaintiff's cause of action, and on May 3, 1920, the demurrer was duly presented to the court and overruled: the defendant thereupon elected to stand upon his demurrer and prosecutes his appeal from the order of the court in overruling same.

The facts as disclosed by the record show that one Frank P. Hutchinson was one of the defendants in the original case and that during the pendency of same, conveyed such interest as he may have had in the subject-matter of the controversy to Tom Dooley, and this was the occasion for bringing Dooley into the suit. The defendant Hutchinson, having appeared, answered and disclaimed any interest, and set up the fact that he had conveyed his interest to Dooley, but no action seems to have been taken on the part of the plaintiff in the original suit to make Dooley a party until long after the case had been tried and appealed to the Supreme Court, and both plaintiff and defendant in error base their contentions solely on the question of jurisdiction: plaintiff in error contending that the appeal to the Supreme Court divested the district court of any further jurisdiction of the cause, until such

time as the mandate might issue by the Supreme Court. And, so far as we can gather from the record, the entire cause was tried out in the lower court and no phase of it left unsettled and no continuance of any phase of it was granted, and under this state of the record, we think that the contention of plaintiff in error was eminently correct. Plaintiff in error cites the case of Short v. Chaney et al., 66 Okla. 258, 158 Pac. 425, which lays down the following rule:

"While a cause is pending in the Supreme Court upon appeal, the jurisdiction of the trial court is suspended and jurisdiction is not restored to the trial court until the mandate of the Supreme Court is returned to the trial court and spread upon its records."

And, further quoting from the same case:

"While the jurisdiction of the trial court is thus suspended it is without authority to make any order materially affecting the rights of the parties and any order so made is null and void."

And in the case of Egbert v. St. Louis & S. F. R. Co., 50 Okla. 623, 151 Pac. 228, we find the same doctrine and rule as followed in the above case announced.

Defendant in error contends that the demurrer filed by the plaintiff was not sufficient to properly raise the question of jurisdiction and calls attention to section 269, Comp. Stat. 1921, which provides that:

"The demurrer shall specify distinctly the grounds of objection to the petition. Unless it do so, it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action."

And from an examination of the demurrer, we find that it sets forth three specific objections to plaintiff's supplemental petition, the first of which is "that the court has no jurisdiction of the subject of this action," and defendant in error makes the contention that defendant should have specifically set forth the reason for lack of jurisdiction by stating that the original case in which the supplemental petition was filed was then pending on appeal in the Supreme Court, but we cannot assent to this doctrine and believe that the demurrer filed was sufficient.

In view of the fact that this court has formerly passed upon this question adversely to the contention of defendant in error, we recommend that the judgment of the trial court be reversed and the case be remanded, with directions that the demurrer be sustained by the trial court.

By the Court: It is so ordered.