## RATZLAFF v. STATE.

No. 16739—Opinion Filed Sept. 14. 1926.

Rehearing Denied Oct. 19, 1926.

(Syllabus.)

**1. Appeal and Error — Jurisdiction—Void Action by Trial Court During Pendency of Appeal.**

Any action attempted to be taken by the trial court in a cause after the Supreme Court has acquired jurisdiction of the same by appeal and before its mandate has regularly reached such trial court is coram non judice and void.

**2. Bastards—Bastardy Proceeding—Married Status of Complaining Witness as Defense.**

The fact that the complaining witness in a bastardy proceeding is married does not constitute a defense, but merely places the burden on the plaintiff of establishing nonaccess of the husband in order to overcome the presumption of legitimacy of the child.

**3. Same—Sufficiency of Petition.**

A complaint in a bastardy proceeding which shows under oath that the affiant is the mother of a bastard child, that she is a resident of the county in which the complaint is made, and that the defendant is the father of the child states facts sufficient to constitute a cause of action.

**4. Appeal and Error—Discretion of Trial Court—Continuance.**

The granting or refusal of a motion for continuance of a cause is largely within the discretion of the trial court, and its ruling thereon will not be disturbed unless it is clearly erroneous or prejudicial to the rights of the party making the motion. The overruling of a motion for a continuance because of the filing of an amended complaint on the day of trial is not prejudicial error where the amended, complaint is in all respects identical with the original complaint except that it is signed by the then county attorney and the original was signed by the former county attorney.

**5. Bastard — Bastardy Proceeding—Demand Upon Party to Produce Letters—Presumption of Contents Upon Failure to Produce.**

Where the plaintiff fails to comply with the demand of defendant made in compliance with section 634, C. O. S. 1921, to produce certain letters in her possession, the court may order the same to be produced, and on the plaintiff's failure so to do may direct the jury to presume their contents to be such as the defendant. by affidavit, alleges them to be.

**6. Witnesses—Privileged Communications to Attorney from Client and to Prosecuting Attorney.**

Section 589, C. O. S. 1921. provides that an attorney shall be incompetent to testify concerning any communications made to him by a client in that relation. Communications made to a county attorney in his capacity as a public prosecutor are governed by the same rule, but if there is any difference the confidence reposed in the county attorney is even more sacred than that reposed in others. The rule, however, does not apply to communications openly made in the presence of third persons, but they must have been made in confidence of the relation and under such circumstances as to imply that they should ever remain a secret.

**7. Appeal and Error—Submission of Issues —Jurisdictional Facts not Contested.**

Where the essential fact necessary to give the court jurisdiction is shown in evidence, and is not contested by the defendant, no issue as to such fact arises, and the giving of an instruction which fails to require the jury to find the necessary jurisdictional fact does not constitute reversible error, no instruction having been requested upon that issue.

Error from County Court, Major County; J. Dawson Houk, Judge.

Bastardy proceeding by the State of Oklahoma, on complaint of Dorothy Kliewer, against Harrison Ratzlaff. From a judgment of conviction ordering defendant to pay certain money into court for the maintenance and education of the child. he brings error. Affirmed.

Simons, McKnight & Simons and T. E. Willis, for plaintiff in error.

Frank L. Wells, County Atty. of Major County, and E. W. Snoddy, for defendant in error.

MASON, J. This is a bastardy proceed-

ing instituted in the county court of Major county, Okla., under article 3, chapter 70, C. O. S. 1921, to charge Harrison Ratzlaff, the alleged father of a bastard child, with its maintenance.

The complaint was verified by Dorothy Kliewer, mother of the child, and the proceedings were in the name of the state. Defendant was found guilty by a jury, and judgment was rendered against him, from which he has perfected this appeal. This is the third trial of this cause in the county court and the second appeal to this court.

The action was originally instituted on January 8, 1923, and thereafter tried to a jury, which returned a verdict of guilty. A new trial was granted by the county court, and the second trial resulted in a verdict of guilty and judgment against the defendant, from which he appealed to this court, and the same was reversed and the case remanded for a new trial in an opinion filed September 16, 1924. Ratzlaff v. State, 102 Okla. 263, 229 Pac. 278.

One of the grounds upon which the cause was reversed was the failure of the trial court to sustain defendant's motion to make the complaint more definite and certain. After said opinion was handed down, but before the mandate of this court had been forwarded to the trial court, the county attorney, on December 24, 1924, attempted to file a new complaint sufficient to meet the defendant's objection which had been sustained by this court. Thereafter, a new county attorney was inducted into office, and on April 13, 1925, he was permitted to withdraw the amended complaint filed December 24, 1924. On April 21, 1925, and after the mandate had been spread of record, the trial court sustained the motion of the county attorney to refile said amended complaint.

Thereafter, on May 2, 1925, the defendant filed his motion to quash the amended complaint, and on May 4, 1925, before said motion had been passed on, the plaintiff, by permission of the court, filed a second amended complaint. Defendant's motion to quash was refiled, considered, and by the court overruled. The cause then proceeded to trial, and the jury returned its verdict in favor of the plaintiff, upon which the court rendered judgment.

For reversal, it is first urged that the trial court erred in overruling said motion to quash. Plaintiff in error contends that, when the amended complaint of December 24, 1924, was filed, the original complaint was superseded and was no longer a part of the record, and upon the withdrawal of the amended complaint, on April 13, 1925, there was no case pending. We see no merit in this contention, for the reason that the case was pending in the Supreme Court at the time the amended petition was filed and at the time it was withdrawn, and the trial court, therefore, was without jurisdiction, and such action was a nullity. Board of Com'rs of Rogers County v. Baxter et al., 113 Okla. 280, 241 Pac. 752; Dooley v. Foreman, 94 Okla. 163, 221 Pac. 47.

Plaintiff in error next complains that the trial court erred in denying defendant's motion to make the complaint more definite and certain by stating whether or not the complaining witness was married or single at the time the child was conceived. Counsel contend that if the complaining witness was married at that time, this would constitute a complete defense. The rule to the contrary is too well settled to require the citation of authorities. The record discloses that the complaining witness was not married at that time. If she had been married, she would have had the burden of establishing nonaccess of the husband in order to overcome the presumption of legitimacy of the child.

A complaint in a bastardy proceeding which shows under oath that the affiant is the mother of a bastard child, that she is a resident of the county in which the complaint is made, and that the defendant is the father of such child, states facts sufficient to constitute a cause of action. Libby v. State, 42 Okla. 603, 142 Pac. 406; Lawhead v. State, 99 Okla. 197, 226 Pac. 376; Ratzlaff v. State, 102 Okla. 263, 229 Pac. 278.

It is next urged that the trial court erred in overruling defendant's motion for a continuance, based upon his allegation that he had not had sufficient time to make proper preparation to meet the second amended complaint, which was filed on the day of trial. The granting or refusal of a motion for continuance of a cause is largely within the discretion of the trial court, and its ruling thereon will not be disturbed unless it is clearly erroneous or prejudicial to the rights of the party making the request. In this case the second amended complaint is, in all respects, identical with the amended complaint except that the second amended complaint is signed by the then county attorney, while the amended complaint was signed by the former county attorney. The overruling of said motion, therefore, could not have been prejudicial to the rights of the defendant, and if error at all, it was harmless.

Plaintiff in error next insists that the trial court erred in "permitting the alleged bastard child to be exhibited to the jury by bringing it into the court room with the complainant in the case." On the former trial of the case the child was marked as an exhibit and introduced in evidence over the objection of the defendant, and this court in the former appeal announced the following rule:

"Rarely in a case should the court permit a child to be exhibited to the jury for the purpose of making its appearance evidence of its paternity, and in no case should this be done unless the child has reached that age and point of development where its features and corporeal traits have become well and finally fixed and settled."

The opinion then recites that the child at the time of trial had not reached the age and point of development where its features had become well fixed and settled, and the trial court erred in permitting it to be exhibited to the jury. That is the law of the case, and the trial court and counsel on a second trial are bound thereby, and any attempt by counsel to disregard the same and to do indirectly what the opinion prevents from doing directly is very improper and highly unethical.

This case, as above stated, has been tried three times by reason of the fact that counsel have failed to follow the rules of procedure, and a fourth trial is probably averted by reason of the fact that the record fails to show that the child was brought into the court room with the complainant, or any one else, or that it was in the court room at any time, or that it was exhibited to the jury or pointed out in any way or manner as the alleged bastard child. It is true that the record discloses that the defendant made three different motions to exclude the child from the court room, which indicates that the child was probably there, although the court may have overruled the motions because it was absent. In the absence of such showing in the record, we cannot presume that the child was present. Error is never presumed, but it must be shown.

It also appears that the defendant had served notice upon the plaintiff to produce certain letters which the complaining witness had received from another man, but that she destroyed them and did not produce them in court. When the complaining witness was on the witness stand, counsel for defendant attempted to cross-examine her as to why she had destroyed said letters. The court sustained an objection to such questions, and the plaintiff in error now assigns this as error. In this, we think the trial court was correct.

Defendant's remedy and procedure under such circumstances is prescribed by section 634, C. O. S. 1921, which relates to inspection of letters and documents. Defendant did not apply to the county judge for an order to produce them, nor did he attempt to allege by affidavit, what the letters contained, so the court could instruct the jury to consider the affidavit as the contents of the letters in case they were not produced.

The next assignment of error is directed at the refusal of the trial court to permit an examination of A. O. Manning, with reference to certain alleged admissions made by the complaining witness. It seems to have been the theory of the defendant that another person was the father of the child, and in support of this he attempted to have the county attorney testify as to alleged statements to that effect made by the complaining witness to the county attorney, some of which were made in the presence of a deputy sheriff. The deputy sheriff was permitted to testify thereto, but the court sustained an objection to the county attorney testifying thereto for the reason that the same was a privileged communication.

Section 589, C. O. S. 1921, provides:

"The following persons shall be incompetent to testify: * * * Fourth. An attorney concerning any communications made to him by his client in that relation. or his advice thereon without the client's consent."

It is the contention of the plaintiff in error that one who complains to and advises with the county attorney in this sort of case is not the client of the county attorney, and therefore such communications are not privileged. The fact that Mr. Manning held the position of county attorney and was not to be paid by Miss Kliewer for information or advice, did not destroy the relation which the law established between them. It, in fact, made the relation more sacred, on the ground of public policy. The statutes of this state provide that bastardy proceedings shall be prosecuted in the name of the state, and it is the duty of the county attorney to commence and prosecute the same. Therefore, it was the province and privilege of one seeking the protection of such proceedings to lay the facts before such official. Public policy will protect all such communications, absolutely and without reference to the motive or intent of the complainant; the ground being that greater mischief will probably result from requiring or permitting them to be disclosed than from wholly re-

jecting them. The public interest in free and unembarrassed prosecution of cases like the present, in addition to the considerations which ordinarily apply to communications from client to attorney in matters of purely personal concern, convinces us that the ruling of the trial court was correct. Michael v. Matson, 81 Kan. 360, 105 Pac. 537; Vogel, Executor, v. Timothy Gruez, 110 U, S. 311, 28 L. Ed. 158; Jones on Evidence Civil Cases (3d. Ed.) art. 749; Wharton's Criminal Evidence, vol. 1, p. 1034.

Plaintiff in error next insists that the foregoing rule does not apply where communications are made in the presence of third persons, and that there.ore the statements made in the presence of the deputy sheriff were admissible. The exception to the rule, as we understand it, does not go to this extent, but merely holds that such communications **openly** made in the presence of third persons are not privileged communications. That is. the mere fact that a communication is made to an attorney does not, of itself, make such communication privileged. To have that effect, it must have been made in confidence of the relation and under such circumstances as to imply that it should forever remain a secret in the breast of the confidential advisor. See Hills v. State (Neb.) 85 N. W. 836, 57 L. R. A. 155; Mason's Union Li.e Insurance Association v. Brockman (Ind.) 59 N. E. 401; Hummel v. Kistner (Pa.) 37 Atl. 815. It is perfectly clear that the conversation under consideration between the complaining witness and the county attorney, in the presence of the deputy sheriff, was not openly made, but was in the nature of a confidential communication, and we conclude that the trial court properly sustained the objection to the county attorney testifying thereto.

It is further insisted that the trial court committed reversible error in refusing to permit Mrs. Miller to testify as to the contents of a letter alleged to have been written by the complainant to the person alleged by the defendant to be the father of said child.. The record discloses that said party resided in the town where the trial was had, but it does not disclose that any effort was made to have him produce the original letter. The complainant, as a witness. denied that such a letter had been written. The offer of proof in the record is to the effect that the complaining witness charged such other person with being responsible for her condition. If admissible at all, it could only have been for the purpose of affecting the credibility of the complaining witness. Mrs. Miller testified that the complaining witness

had made the same statement to her. There was other evidence to the same effect. Conceding, without deciding, that the court erred in rejecting said evidence, yet we fail to see how it could have changed the result of the trial, and we must conclude that it was harmless.

The court instructed the jury that the sole and only question to be decided was whether or not the defendant was the father of the child. Plaintiff in error complains that the court should have required the state to establish the other allegations of the complaint, such as the residence of the mother in Major county. The evidence offered both by the state and the defendant established this fact. Under the rules of practice applicable to a civil action, the court is not required to submit to the determination of the jury questions of fact which are conceded, or upon which no issue is presented by the evidence. And especially is this true where the defendant did not request that the court instruct upon this issue. Wilson v. State, 73 Okla. 227, 175 Pac. 829.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

NICHOLSON, C. J., and BRANSON, LESTER. HUNT. CLARK, and RILEY. JJ., concur.

Note.—See under (1) 3 C. J. p. 1255, §1369. (2) 7 C. J. p. 973. §73. (3) 7 C. J. p. 978, §83; p. 979. §83. (4) 4 C. J. p. 809, §2780; 6 R. C. L. 544; 2 R. C. L. Supp. 153; 4 R. C. L. Supp. 425; 5 R. C. L. Supp. 354. (5) 18 C. J. p. 1116. §111. (6) 40 Cyc. pp. 2369, 2370. (7) 38 Cyc. 1640.