## WAGONER OIL & GAS CO. v. GOAD et al.

No. 19663.    Opinion Filed March 26, 1929.

John H. Scriba, for plaintiffs in error.

Earl Goad, for defendant in error.

ANDREWS, J. J. P. Marlow and Ellen Marlow instituted suit against the Wagoner Oil & Gas Company, a common-law trust, and caused a receiver to be appointed of the property of the trust. An appeal was taken to this court involving, among other things, the authority of the court to appoint the receiver. After final judgment in the trial court, the Wagoner Oil & Gas Company employed Earl Goad, the defendant in error, who was an official court reporter for that district, to prepare a case-made in that cause and agreed to pay the costs of the preparation thereof. That appeal was regularly filed in this court.

Thereafter Earl Goad filed in the same cause in the trial court an application and an amendment to the application asserting his claim and in which he prayed for an order of the trial court directing the receiver to pay him out of the funds of the receivership the sum of $225. No summons was issued for the Wagoner Oil & Gas Company or the receiver. The Wagoner Oil & Gas Company filed its general demurrer, which, among other things, alleged that the cause was pending in the Supreme Court, and by reason thereof the trial court had no jurisdiction of the matter at hand, and that the application stated no cause of action for which the trial court could grant relief. The demurrer was overruled and judgment was rendered on the application for applicant, directing the receiver to pay the same out of the funds of the receivership. Notice of appeal was given and the cause was brought here by the Wagoner Oil & Gas Company for review of the order over-

ruling the demurrer and review of the judgment.

The application was not a plea in intervention; it was not a claim for a debt incurred by the receiver; it was not a claim against the property of the receiver, but it was a claim for a debt contracted by the owner of the property held under receivership after the appointment of the receiver and after final judgment had been rendered, and the claim was filed in the trial court after the cause had been transferred to this court by the appeal.

When the appeal from the order appointing the receiver was perfected, the district court lost jurisdiction of the particular issue appealed from. When the Supreme Court acquired jurisdiction on appeal, the lower court lost jurisdiction. Cameron v. White, 128 Okla. 251, 262 Pac. 664; Dooley v. Foreman, 94 Okla. 163, 221 Pac. 47. The trial court, while the appeal was pending in the Supreme Court, had no jurisdiction to make an order allowing a claim for a debt incurred by the owner of the property after the appointment of the receiver. The trial court is charged with notice of the appeal by the certificate of appeal in that cause.

The receiver took the property subject to such equities, liens, or incumbrances as existed against it at the time of his appointment. Ardmore Nat. Bank v. Briggs Machine & Supply Co. et al., 20 Okla. 427, 94 Pac. 533. Neither he nor the property involved is subject to claims for debts contracted by owner after the appointment of the receiver.

This claim is not a claim against the receiver, but is a claim against the Wagoner Oil & Gas Company. Its allowance was not an incident to the conduct of the receiver.

To permit this applicant to recover, by application, his claim against the owner of the property for a debt contracted after the appointment of a receiver is to pervert the purpose of a receivership. If the Wagoner Oil & Gas Company owes this claim, a suit may be instituted against it and a judgment recovered therefor, and until such a judgment is recovered the court has no authority to direct the receiver to pay such a claim.

The court erred in overruling the demurrer of the Wagoner Oil & Gas Company. The cause is remanded, with instructions to the trial court to sustain the demurrer of the Wagoner Oil & Gas Company.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J., absent; HUNT, J., not participating.