**Donna Marie ENYART, Petitioner,**

v.

**Richard E. COMFORT, Judge of District Court of Tulsa County, Respondent.**

**No. 52906.**

Supreme Court of Oklahoma.

Feb. 27, 1979.

---

Earl W. Arnold, Tulsa, for petitioner.

J. Douglas Mann, Tulsa, for respondent.

BARNES, Justice:

Petitioner, Donna Marie Enyart, has petitioned this Court to assume original jurisdiction and grant a Writ of Mandamus, requiring the Respondent Trial Judge to hear and consider her motion to modify child custody provisions of a divorce decree.

After Petitioner had filed her motion to modify child custody, based on changes in conditions which occurred subsequent to the last adjudication of custody, the Trial Court dismissed the motion, holding that it lacked jurisdiction to entertain such a motion while its latest Order awarding custody was pending review on appeal.

We hold that a Trial Court does have jurisdiction to consider such motion to modify, while its latest adjudication of custody is being appealed.

In so holding, we note that statutory interpretation, prior case law, and public policy require such a conclusion.

Title 12 O.S.Supp.1974, § 1277, provides in part:

" * * * the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, *whenever circumstances render such change proper either before or after final judgment in the action.*" [Emphasis added]

■ The above quoted statute clearly vests the Trial Court with the power to modify provisions of a divorce decree providing for guardianship, custody, support and education of the minor children, both *before* and *after* final judgment, *whenever* circumstances render such change proper at any time. Because the Trial Court has jurisdiction to make appropriate modifications *when changes in circumstances dictate,*[1] and because such changes may arise at any time, including during the pendency of an appeal, the pendency of an appeal is immaterial, as the language of the statute is all-encompassing.

In *Cochran v. Rambo, 484 P.2d 500 (Okl. 1971),* we were faced with a similar situation. In that case, the Appellant-wife, who had not been awarded custody of her children, appealed from the Trial Court decree which awarded custody to the Appellee-husband. The Appellant-wife, who had custody of the children during the divorce proceedings, refused to surrender the children to the father. Because of this, the father applied to the District Court for an order seeking custody of the children while the case was pending on appeal. The Respondent Judge sustained a demurrer to the application, holding that the Trial Court had no jurisdiction over the custody of the children pending an appeal.

Relying upon the provisions of 12 O.S. Supp.1974, §§ 1276 and 1277, we held that

---

1. Of course, the mere showing of a change in condition does not entitle a movant to a change of custody. Rather, the movant has the burden of showing that since the making of the order sought to be modified, there has been a permanent, substantial, and material change of conditions which directly affect the best interests of the minor child, and that, as a result of such change in conditions, the minor child would be substantially better off, with respect to his or her temporal, mental and moral welfare, if the requested change of custody were ordered. *Gibbons v. Gibbons, Okl., 442 P.2d 482, 485 (1968).*

the Trial Court did have jurisdiction to consider such matters, even though an appeal was pending in this Court. Accordingly, we issued a Writ of Mandamus requiring the Trial Court to consider the father's motion.

In *Herbert v. Wagg, 27 Okl. 674, 117 P. 209 (1911)*, in answer to a similar contention that when a case is brought within the jurisdiction of an appellate tribunal it is taken entirely out of the inferior court, we said:

> " * * * but an appeal which is taken removes from the jurisdiction of the lower court only the matter involved in the judgment or order from which the appeal is taken. Other independent matters and collateral proceedings are not covered by the appeal, and the lower court retains jurisdiction over them. The general rule applying in such cases is stated by Judge Elliott, in his work on Appellate Procedure, § 545, as follows: 'Matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court. Such matters as the appeal does not cover are purely collateral or supplemental, lying outside of the issues framed in the case, *or arising subsequent to the delivery of the judgment from which the appeal is prosecuted.* * * * *' " [Emphasis added]

Lastly, we note that it would be against public policy to permit the pendency of an appeal to divest the Trial Court of the power necessary to provide for the welfare of minor children in this jurisdiction. The Legislature, in enacting 12 O.S.Supp.1974, § 1277, did not intend that there should be a period of time in which the Trial Court could not act in the best interest of minor children. In enacting that statute, the Legislature was careful to provide that the Court's power to act existed both *before* and *after* final judgment. No limitation was put on that power, and we will not create one.

■ For the above stated reasons, we hold that the Trial Courts within this State are vested with jurisdictional power to consider motions to modify decrees or orders with respect to child custody, guardianship, support and maintenance, even though an appeal from the last adjudication of such matters is pending. This being the case, the Trial Court's refusal to consider the Petitioner's motion to modify was erroneous, and we issue a Writ of Mandamus requiring the Trial Court to promptly consider that motion.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF MANDAMUS ISSUED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

HODGES, J., dissents.