**Monta BLAIR, Petitioner,**

v.

**DISTRICT COURT OF OKLAHOMA COUNTY and Honorable James Gullett, Respondent.**

**No. 52223.**

Supreme Court of Oklahoma.

May 1, 1979.

Edward Goldman, Goldman & Goldman, Oklahoma City, for petitioner.

Carl B. Ray, Oklahoma City, Oklahoma, for respondent-Robert L. Blair.

SIMMS, Justice:

The question at issue in this original proceeding is whether the perfection of an appeal from a divorce action divests the trial court of jurisdiction to determine an application for alimony pendente lite.

Petitioner, Monta Blair, was the plaintiff in a divorce action filed in Oklahoma County styled *Monta Blair v. Robert Blair*, case number JFD–77–7591, and a decree of divorce was entered in that action on April 4, 1978. Subsequently petitioner appealed from that judgment and the appeal is currently pending. On June 20, 1978, petitioner filed an application for support alimony pending appeal in this Court. On September 11, 1978, we issued an order permitting the trial court to hear and determine the application.

Pursuant to that order the trial court heard arguments on petitioner's application and reviewed the citations set forth therein but issued an order finding that it did "not have jurisdiction to grant the relief requested as the case [was] on appeal in the Supreme Court . . ."

Petitioner thereafter filed this application for assumption of original jurisdiction and writ of mandamus to require respondent trial judge, James Gullett, to consider her application for temporary alimony pending appeal. We assume original jurisdiction.

Questions concerning proper jurisdiction to determine matters while appeals are pending arise with some frequency especially in divorce actions. The general rule in its broadest form is that once an appeal is perfected, the trial court's jurisdiction is suspended and remains suspended until the mandate is spread of record. See, *Egbert v. St. Louis & S. F. R. Co., 50 Okl. 623, 151 P. 228 (1915); Wagoner Oil & Gas Co. v. Goad, 136 Okl. 29, 275 P. 1036 (1929).*

The matter of alimony pendente lite is ancillary to the issues of this appeal and we are therefore of the opinion that absent an order or application pending in this Court, the trial retained sufficient judicial authority to hear and determine petitioner's application. See, e. g., Anno., "Trial Court's Jurisdiction as to Alimony or Maintenance

Pending Appeal of Matrimonial Action," 19 A.L.R.2d 703; 27A C.J.S. Divorce § 203(2).

At first blush, *Warr v. Warr, Okl., 386 P.2d 639 (1963)* appears to hold to the contrary but closer analysis of that decision shows that the issues involved there are clearly distinguishable from those in this action. There a party presented a motion for new trial to the trial court subsequent to the time the petition in error had been filed with the Supreme Court. The motion was based on allegedly newly discovered evidence, but in fact the offered evidence had not existed at the time of the trial and therefore could not justify granting a new trial.[1] Inasmuch as the moving party was attempting to re-argue before the trial court the very questions involved in the appeal, the court correctly found that the appeal had divested the trial court of further jurisdiction. In its opinion the court set forth language from C.J.S. which mandated the decision in that case but also recognized the exception, relevant here, that the trial court is not deprived of further jurisdiction as to collateral matters not involved in the appeal.

Our research has revealed three decisions which could be construed as inconsistent with our holding: *Scott v. Scott, 203 Okl. 60, 218 P.2d 373 (1950); Hansing v. Hansing, 76 Okl. 34, 183 P. 978 (1919); and, Spradling v. Spradling, 74 Okl. 276, 181 P. 148 (1919).* To the extent that these or any other decisions appear inconsistent with our decision, they are disapproved.

Our holding today is quite similar to our recent decision in *Enyart v. Comfort, Okl., 591 P.2d 709 (1979),* where we held the trial court retains jurisdiction to determine a custody and support modification motion even while the appeal from the trial court's adjudication of such matters is pending in the Supreme Court. There our holding was based on public policy, and statute, 12 O.S. Supp.1974, § 1277. This decision was in keeping with *Cochran v. Rambo, Okl., 484 P.2d 500 (1971)* wherein we held the trial

court had jurisdiction to consider the issue of temporary custody even though an appeal was pending.

For the foregoing reasons we hold that an appeal in a divorce action does not deprive trial courts of this state of judicial power to consider an application for alimony pendente lite concurrent and co-ordinate with this Court, where that issue is ancillary to the matters involved in the appeal. The respondent's refusal to consider this petitioner's application for temporary alimony was erroneous and we issue a writ of mandamus requiring said respondent to promptly consider that application.

Bench and Bar should note that it is the express holding of this opinion that all issues ancillary to an appeal in a domestic relations case be first presented to and determined by the trial court, and if a party feel aggrieved by the ruling of the trial court, it may be made part of the principal appeal.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF MANDAMUS ISSUE.

All the Justices concur.

---

1. Compare, *Pleasant v. Allen Brothers*, 180 Okl. 518, 71 P.2d 114 (1937), holding that the trial court may entertain a petition for new trial on grounds of newly discovered evidence notwith-

standing that appeal from judgment is pending in Supreme Court because the issues are different from those involved in the appeal.