**James Larry LIVELY, Petitioner,**

v.

**WASHINGTON COUNTY DISTRICT COURT, Honorable John Lanning, and the State of Oklahoma, Respondents.**

**No. O-87-796.**

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1987.

As Corrected Feb. 11, 1988.

Kevin Buchanan, Bartlesville, for petitioner.

Craig Corgan, Bartlesville, for respondents.

### ORDER GRANTING WRIT OF PROHIBITION

PARKS, Judge.

On October 22, 1987, petitioner filed an application for a writ of mandamus and/or a writ of prohibition, asking that certain evidence be prohibited from introduction at trial. This Court issued an order staying proceedings and setting a hearing. On November 24, 1987, this matter was argued before this Court, Mr. Kevin Buchanan appearing for the petitioner and Mr. Craig Corgan for the respondents.

The evidence sought to be excluded involves both a video tape and testimony of Bartlesville police officers. This evidence was obtained during the early morning hours of March 27, 1987, while petitioner was being booked on charges of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. A hidden surveillance camera was activated for the purpose of filming the booking procedure. At the petitioner's insistance, he was allowed to phone an attorney. At no time was he given *Miranda* warnings or informed that his actions were being taped. Two police officers remained present during the telephone conversation between petitioner and his attorney. Petitioner seeks to exclude those portions of the video tape which concern the conversation with his attorney. He also seeks to exclude the testimony of the police officers regarding the conversation.

Respondents maintain that the attorney-client privilege was waived because third persons were present at the time of the conversation. While the general rule supports that proposition, *Jayne v. Bateman*, 129 P.2d 188, 191 (Okla.Crim.App.1942), acknowledges that the circumstances surrounding the consultation must be examined before the privilege can be deemed to be waived. *Ratzlaff v. State*, 122 Okl. 263, 249 P. 934, 937 (1926), is similar to the present situation. In *Ratzlaff*, a conversation between attorney and client took place in the presence of a sheriff. This Court held that the conversation, although made in the presence of a third party, was "not openly made, but was in the nature of a confidential communication." Accordingly, simply because the petitioner spoke to his attorney in the presence of two Bartlesville police officers does not conclusively show that he waived the attorney-client privilege. Under the circumstances, petitioner was apparently trying to obtain the advice of counsel, having no knowledge that his conversation was being taped.

If this Court were to allow such evidence to be introduced at trial, we would be condoning an interference with the attorney-client privilege which is the very essence of the right to counsel. The attorney-client relationship carries with it the privilege of maintaining confidentiality in order to promote uninhibited communication. *See* 12 O.S.1981, § 2502(B). Because we seek to protect the communications between an at-

torney and his client, we find the writ should issue.

IT IS THEREFORE THE ORDER OF THIS COURT that the Honorable John G. Lanning, or his designated representative, shall excise all portions of the video tape which include telephone conversations between the petitioner and his attorney. IT IS THE FURTHER ORDER OF THIS COURT that the Bartlesville police officers shall be prohibited from testifying as to the contents of the conversations between the petitioner and his attorney. Accordingly, the prior stay is VACATED and the writ of prohibition is GRANTED.

IT IS SO ORDERED.