Roger L. CUNNINGHAM and Georgia S. Cunningham, Appellees,

v.

PUBLIC SERVICE COMPANY OF OKLAHOMA and Statewide Service Company, Inc., Appellants.

No. 72123.

Supreme Court of Oklahoma.

July 14, 1992.

Serge Novovich, Tulsa, for appellees.

A.M. Covington, Tulsa, for appellants.

ALMA WILSON, Justice.

The dispositive issue in this appeal is whether the trial court had jurisdiction to entertain the post-appeal motion for attorney fees, filed before mandate, where the trial court denial of a motion for attorney fees by the party was raised on appeal but not settled by the appellate opinion. We hold that in the unusual posture, narrowly delimited by the proceedings in this case, the trial court had jurisdiction over the

post-decisional motion for attorney fees for trial related legal services.

Roger and Gloria Cunningham, plaintiffs/appellees, (Cunninghams) sued Public Service Company and Statewide Service Company, Inc., defendants/appellants, (PSO) to recover for the wrongful destruction of a shade tree from the Cunninghams' property. The jury returned a verdict in favor of the Cunninghams in the amount of $1,600.00. The Cunninghams moved for an award of attorney fees pursuant to 12 O.S. 1981, § 940. The trial court entered judgment on the jury verdict but denied the motion for attorney fees. The Cunninghams appealed the denial of attorney fees and PSO cross appealed the jury verdict. In this prior appeal, the Court of Appeals reversed the jury verdict and noted the issue of attorney fees but did not dispose of it. On certiorari, the judgment on the jury verdict was affirmed by memorandum opinion of this Court.[1]

Before mandate issued in the prior appeal, the Cunninghams again sought attorney fees pursuant to 12 O.S.1981, § 940 and costs before the trial court. The trial court awarded the Cunninghams attorney fees for trial on the merits in the amount of $1,700.00 and costs in the amount of $311.50 against PSO. PSO appealed the grant of attorney fees. In this second appeal, the Court of Appeals reversed the order awarding attorney fees for want of jurisdiction. Certiorari was previously granted.

▌ Prior to issuance of the mandate in the prior appeal, the Cunninghams could have requested trial related and appeal related attorney fees in this Court.[2] They did not. The Cunninghams again sought prevailing party attorney fees in the trial court. The power of the trial court or the appellate court, if the case is appealed, to award attorney fees is well recognized. *Hamilton v. Telex Corp.*, 625 P.2d 106, 109 (Okla.1981) and *National Educational Life Insurance Co. v. Apache Lanes, Inc.*, 555 P.2d 600, 602 (Okla.1976). The right to seek statutorily authorized prevailing party attorney fees by motion in a post-decisional stage of appeal before mandate is issued is established. *Riffe Petroleum Co. v. Great National Corp.*, 614 P.2d 576, 581 (Okla.1980). And, for purposes of prevailing party attorney fees, if the case is appealed, the party that has an affirmative judgment at the conclusion of the entire case is the prevailing party. *The Company, Inc. v. Trion Energy*, 761 P.2d 470, 471–472 (Okla.1988).

Pursuant to 12 O.S.1981, § 940 the prevailing party in an action for tortious injury to property shall be allowed reasonable attorney fees.[3] In this case, the Cunninghams were the prevailing party at the conclusion of the jury trial. At that stage of the proceedings, the Cunninghams were entitled to an award of attorney fees. PSO prevailed before the Court of Appeals, accordingly there was no need to correct the trial court erroneous denial of the Cunninghams' motion for § 940 attorney fees. On certiorari from the Court of Appeals, the Cunninghams again became the prevailing party and were entitled to prevailing party attorney fees under 12 O.S.1981, § 940.

The order of the trial court, erroneously denying the Cunninghams' request for trial related attorney fees, was vulnerable to reversal throughout the pendency of the first appeal in this cause. Its finality was tolled until the issuance of the mandate therein. *Cartwright v. Atlas Chemical Industries, Inc.* 623 P.2d 606, 610 (Okla.1981). Before finality attached, the

---

1. Neither the opinion of the Court of Appeals nor the memorandum opinion by this Court dealt with the attorney fee issue. "The settled-law-of-the-case doctrine operates to bar relitigation of only those issues that were actually settled by an appellate opinion." *Willis v. Nowata Land and Cattle Co., Inc.*, 789 P.2d 1282, 1285, note 10 (Okla.1989).

2. Supreme Court Rules, Rules 31 and 32, 12 O.S.1991, ch. 15, app. 1, and Rules on Practice and Procedure in the Court of Appeals and on Certiorari to That Court, Rule 3.20, 12 O.S.1991, ch. 2, app. 3.

3. 12 O.S.1981, § 940, recodified 12 O.S.1991, § 940, without substantial change, provides: "In any civil action to recover damages for the negligent or willful injury to property ... the prevailing party shall be allowed reasonable attorney's fees"....

second motion for attorney fees was filed in the trial court. The post-appeal motion for attorney fees filed by the Cunninghams in the trial court, prior to mandate, sought reconsideration of their attorney fee request as the prevailing party at the conclusion of the entire case.[4] Upon consideration of the above authorities and the unusual procedural posture of this case, we conclude that the trial court had jurisdiction over the Cunninghams' post-decisional motion for trial related attorney fees. The opinion of the Court of Appeals is vacated and the order of the trial court is affirmed.

CERTIORARI PREVIOUSLY GRANTED. OPINION OF THE COURT OF APPEALS VACATED. ORDER OF THE TRIAL COURT AFFIRMED.

HODGES, V.C.J., and HARGRAVE, SUMMERS and WATT, JJ., concur.

OPALA, C.J., and LAVENDER, SIMMS and KAUGER, JJ., dissent.

OPALA, Chief Justice, with whom LAVENDER, Justice, joins, dissenting.

Today's opinion *concludes* that the trial court had cognizance to decide the plaintiffs' [collectively called Cunningham] post-*Cunningham I*[1] plea for *trial-related* attorney's fees and *affirms* the nisi prius order awarding him, *qua* prevailing party below, *appeal- and trial-related* counsel fees as well as court costs.

In an earlier proceeding in error [*Cunningham I*], Cunningham had appealed *from denial of trial-related attorney's fees and costs;* and the defendants [called defendant] *counterappealed for reversal* of judgment on jury verdict for Cunningham. *The defendant won in the Court of Appeals.* It succeeded in the judgment's reversal. Cunningham's prevailing party status, on which he had relied for the counsel-fee award and which the reversal had destroyed, came to be *reinstated on certiorari* when this court *vacated* the Court of Appeals' opinion and affirmed nisi prius judgment in his favor.

I recede from today's pronouncement. The post-*Cunningham I* counsel-fee quest, *which at its pre-mandate inception and at the time of favorable consideration at nisi prius included both appeal- and trial-related services,*[2] is fraught with *multiple fatal remedial infirmities:* (1) in pre-

---

4. The motion to assess attorney fees and costs does not request both trial-related and appeal-related attorney fees. It does include the first appeal within the allegations of the five year litigation process from 1983 through 1987. The dissent states that the trial court awarded trial-related and appeal-related attorney fees. The transcript of the argument on the second motion reveals that the exhibit setting forth the hours of legal services presented to the trial court in support of the first motion was also the exhibit presented in support of the second motion. (Record, p. 241.) The Cunninghams sought attorney fees for 111 hours of service (Record, pp. 195–207) at the rate of $100.00 per hour for a total attorney fee of $11,100.00. More than 80 hours were expended in trial-related services, while only 27.4 of the hours related to post-trial legal services. The trial court awarded the Cunninghams an attorney fee in the amount of $1,700.00, that is, 17 hours of legal services. Inclusion of appeal-related attorney fees within the award cannot be ascertained with any certainty from the record.

1. Roger L. Cunningham and Georgia S. Cunningham v. Public Service Company of Oklahoma and Statewide Service Company, Inc., No. 63,187 (March 3, 1987, unpublished opinion). [*Cunningham I*].

2. The record on appeal clearly shows Cunningham's counsel-fee quest was for both trial and appeal-related legal services. His "Motion To Assess Attorney Fees and Costs" sought an award of "an appropriate attorney's fee and court costs ... and in support thereof" gave the litigation history at both trial and appeal stages. He prayed for an amount that "shall be proven reasonable in these circumstances". [Record 184–186]. At the hearing on his motion, Cunningham's counsel explained that "these reasonable attorney fees will be attorney fees not just for the trial or through the trial, but also post trial including all appeals". [Record 238]. He stated that he had previously presented a "list which showed a total of 70 hours [trial-related]" and "on the appellate proceeding a total of 32 hours". [Record 239–240]. Finding no "objection to the manner in which ... [Cunningham's counsel] presented his hours," the trial judge stated he would "make a determination as to whether I think they're [Cunningham] entitled to it or not entitled to it...." [Record 242]. The appellate record includes a letter from Cunningham's counsel to the trial judge in which he attached "a copy of the time records which had been submitted as an exhibit to the court in the hearing on attorney fees...." [Record 195].

*mandate* stages of *Cunningham I* the district court was utterly without jurisdiction to entertain Cunningham's counsel-fee claim;[3] (2) in *post-mandate* stages of *Cunningham I* the plea for trial-related services stood barred by both the settled law of the case[4] as well as res judicata;[5] and lastly (3) the plea for appeal-related services was cognizable solely by this court.[6]

The trial court's *cognizance* over the counsel-fee quest first *came to be restored upon our transmission of Cunningham I mandate.*[7] With the issuance of that mandate, the *earlier fee denial* stood *impliedly affirmed.* This is so because it was left undisturbed and unaffected by the review process. The effect of *Cunningham I appellate inaction* with respect to the fee issue was that the earlier nisi prius denial became the settled law of the case as well as res judicata. As for *appeal-related counsel fees*, the trial court was utterly without cognizance to entertain the quest for any review-related legal services. The exclusive jurisdiction of that issue was in the appellate courts; the relief could come *only* from this court *after* Cunningham's judgment came to be reinstated on certiorari.[8] Timely-pressed relief by certiorari was Cunningham's *only* way to avoid the res judicata and settled-law-of-the-case bar. Cunningham should have included in his certiorari quest a *renewed plea* for reversal of the earlier nisi prius counsel-fee denial. His fee quest could have been advanced first on rehearing of the Court of Appeals' reversal opinion and then, if that

proved unsuccessful, by petition for certiorari.[9] In *post-mandate* stages of *Cunningham I*, res judicata and settled law of the case both stood as an insuperable bar to reconsideration of the fee quest. The bar could have been avoided *only* by post-mandate prosecution of a vacation proceeding on § 1031[10] grounds.

*Cunningham I ended on certiorari in this court without any corrective relief to Cunningham from the earlier trial-court denial of the counsel-fee award. That denial stood undisturbed when the trial judge "piled on top of it" a post-Cunningham I counsel-fee award. In this posture of the record, we must—and I would—reverse the trial court's post-Cunningham I fee order as (a) void for lack of cognizance insofar as it entertained and decided the quest for review-related legal services and (b) barred by res judicata and the settled law of the case insofar as it provides an award for trial-related services.*

## I

## PROCEDURAL HISTORY OF *CUNNINGHAM I* AND *II*

Cunningham recovered judgment on jury verdict for negligent destruction of a shade tree but failed in his nisi prius post-judgment quest for trial-related attorney's fees and court costs. He then appealed *solely* from the *negative postjudgment ruling* on the fee issue. The defendant counterappealed for corrective relief from the judgment allowing recovery. *Cunningham's*

---

3. During the pendency of an appeal trial courts are without jurisdiction over issues then in appellate litigation. *Herbert v. Wagg*, 27 Okl. 674, 117 P. 209, 211 (1911). For a discussion of the *"Wagg"* rule, *see infra* Part II.

4. *Mobbs v. City of Lehigh*, Okl., 655 P.2d 547, 549 n. 5 (1982); *Mullins v. Ward*, Okl., 712 P.2d 55, 61 n. 13 (1985); *Timmons v. Royal Globe Ins. Co.*, Okl., 713 P.2d 589, 592 (1986); *Reeves v. Agee*, Okl., 769 P.2d 745, 756 n. 46 (1989); *Panama Processes v. Cities Service Co.*, Okl., 796 P.2d 276, 283 n. 27 (1990).

5. *Salyer v. National Trailer Convoy, Inc.*, Okl., 727 P.2d 1361, 1363 (1986); *Depuy v. Hoeme*, Okl., 775 P.2d 1339, 1343 (1989).

6. *See Chamberlin v. Chamberlin*, Okl., 720 P.2d 721 (1986), where we held that counsel fees may be allowed only by the court in which services are performed.

7. *Herbert v. Wagg, supra* note 3 117 P. at 211.

8. *Chamberlin v. Chamberlin, supra* note 6.

9. *Chamberlin v. Chamberlin, supra* note 6, at 726.

10. *See* 12 O.S.1991 § 1031 for statutory provisions which afford an avenue for postjudgment vacation and modification relief. *Salyer v. National Trailer Convoy, Inc., supra* note 5; *Depuy v. Hoeme, supra* note 5.

*own appeal failed in the Court of Appeals when his judgment met with reversal.* Cunningham's *success as a prevailing party claimant was tied inextricably to the judgment's appellate survival. On rehearing and later on certiorari Cunningham focused solely on his judgment's reinstatement. He did not press for corrective relief from the earlier nisi prius fee denial. This court vacated the Court of Appeals' opinion and affirmed the judgment. Before our mandate had issued, Cunningham sought in the district court an award for both trial- and appeal-related attorney's fees and costs.*[11] A few days after our mandate's issuance the trial court awarded him $1,700 in attorney's fees, *but gave no breakdown between appeal- and trial-related portions* of the services for which compensation was awarded. It also allowed $311.50 in costs.

In this, the second appeal [*Cunningham II*], the sole issue was whether the trial court erred in its post-*Cunningham I* award of *trial-* and *appeal*-related attorney's fees with costs. The Court of Appeals reversed the post-*Cunningham I* order, holding that (a) *after* the mandate's transmission in *Cunningham I* the trial court was without cognizance to *reopen* the attorney's-fee issue in the face of this court's failure to disturb the earlier nisi prius fee denial, and (b) the post-*Cunningham I* order for *appeal-related* fees was unauthorized either by *Cunningham I* opinion or by some postdecisional order connected with *that* review process. Cunningham's certiorari argument *today advances solely his quest for trial-related attorney's fee award;* he does not complain of the Court of Appeals' opinion *insofar as it reversed the fee allowance for appeal-related legal services.*

## II

## CUNNINGHAM'S TRIAL–RELATED COUNSEL–FEE AWARD IS BARRED BY RES JUDICATA AND THE SETTLED LAW OF THE CASE

*Herbert v. Wagg*[12] teaches that during the *pendency of an appeal*—before mandate's transmission[13]—the trial court has no *jurisdiction* over issues then in appellate litigation.[14] Those issues rest solely within appellate cognizance.[15] Pre-mandate trial court rulings which affect issues then on appeal are *coram non judice*— void for want of jurisdiction.[16] Whenever an appellate court gives *no corrective relief* from a decision on review, the nisi prius decision stands affirmed.[17] Both

**11.** *See supra* note 2.

**12.** *Supra* note 3.

**13.** Early Oklahoma jurisprudence requires that mandate to be effective must be "spread of record" in the trial court. *See Dooley v. Foreman,* 94 Okl. 163, 221 P. 47 (syllabus 1) (1923); *Wagoner Oil & Gas Co. v. Goad,* 136 Okl. 29, 275 P. 1036 (syllabus 1) (1929); *Board of Com'rs v. Baxter,* 113 Okl. 280, 241 P. 752, 753 (syllabus 2) (1925). This is no longer necessary. In this day of rapid communication we can regard the mandate's *issuance* date as the point when jurisdiction revests in the district ·court *ex lege.*

**14.** Other issues—independent of and collateral to the appeal—which lie outside the arena framed by the petition in error and briefs, remain within the trial court's cognizance during appeal. *Herbert v. Wagg, supra* note 3; *Enyart v. Comfort,* Okl., 591 P.2d 709, 711 (1979).

**15.** The *Wagg* teaching is reaffirmed in Rule 1.31(a)(7), Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1990, Ch. 15, App. 2 (as amended by order of Dec. 20, 1990, eff. Jan. 1, 1991). Its terms of Rule 1.31(a)(7) are:

> "(a) For the purposes to be stated the trial court does retain jurisdiction in the case after a petition-in-error has been filed in this court: * * *
>
> (7) To take action with respect to any issue collateral to a pending appeal. *Herbert v. Wagg,* 27 Okl. 674, 117 P. 209 [1911]."

**16.** *Herbert v. Wagg, supra* note 3; *Dooley v. Foreman, supra* note 13; *Wagoner Oil & Gas Co. v. Goad, supra* note 13, at (syllabus 2); *Ratzlaff v. State,* 122 Okl. 263, 249 P. 934 (syllabus 1) (1926); *Board of Com'rs v. Baxter, supra* note 13, at (syllabus 2); *Cameron v. White,* 128 Okl. 251, 262 P. 664 (syllabus 8) (1928).

Cunningham instituted his counsel-fee quest by motion *filed 15 days before mandate* in *Cunningham I.* The district court was then without jurisdiction to entertain the quest because the issue raised was not *collateral to* but on appeal.

**17.** Want of corrective relief on appeal—whether as a consequence of the appeal's dismissal or of remedial inaction by the appellate tribunal—

judgments as well as final postjudgment orders [18] which are affirmed on appeal become clothed with res judicata effect. The parties may not relitigate the decided issues nor those which could have been raised in the case.[19] Also barred from relitigation are issues settled in an earlier appeal which did not terminate the cause. That is the settled-law-of-the-case doctrine.[20] An appealable decision of the trial court, when left undisturbed at the end of the review process, is by force of law placed beyond the trial court's power to modify, except upon grounds authorized in § 1031.[21]

## III

### THE TRIAL COURT LACKED COGNIZANCE TO ENTERTAIN CUNNINGHAM'S APPEAL- AND CERTIORARI-RELATED COUNSEL-FEE QUEST

Before mandate issued in *Cunningham I* Cunningham could have pressed a postdecisional motion for *appeal* and *certiorari*-related counsel fees. *That was his sole remedy. Chamberlin* [22] teaches that *only the court* in which services were rendered

can authorize or give an award for counsel fees. Like taxable appellate costs, counsel fees for services in an appellate court must be authorized in the very case in which they were performed.[23]

Cunningham failed in *Cunningham I* to seek appeal- or certiorari-related attorney's fees by a pre-mandate motion in this court. *The trial court was hence without cognizance to entertain that part of his plea by which he sought allowance for review-related legal services.*

## IV

### ISSUES RAISED BY AN APPEAL AND LATER ABANDONED ON CERTIORARI ARE NOT REACHABLE BY POSTDECISIONAL MOTION IN THE TRIAL COURT

*Issues pressed on certiorari are framed by the petition for that writ.*[24] An issue tendered on appeal but not reasserted on certiorari is abandoned.[25] *An abandoned issue is sapped of potency for viable judicial relief; it will not be reached for certiorari review sua sponte;*[26] *a fortiori, it cannot, after remand, be considered in*

leaves the nisi prius judgment undisturbed and hence "affirmed". *Matter of Estate of Burkhart v. Wabaunsee,* Okl., 594 P.2d 361, 363 (1979), states that "... dismissal of an appeal can ordinarily be likened in its effect to an affirmance in the sense that trial court's judgment at once becomes enforceable...." *Issues adjudicated on appeal are barred from district court reconsideration. Jones v. Medlock,* 201 Okl. 109, 202 P.2d 212, 213 (1949).

**18.** Res judicata governs with like force judgments or decrees of the court as it does postjudgment and post-decree rulings that stand in law as "final". For the preclusive effect given to postjudgment orders *see Depuy, supra* note 5 at 1343 n. 24; *Salyer, supra* note 5 at 1343-1344.

**19.** *Salyer v. National Trailer Convoy, Inc., supra* note 5 at 1343-1344; *Depuy v. Hoeme, supra* note 5. On the other hand, when a judgment is reversed on appeal and the cause remanded, its conclusive character is lost so that it will not stand as a bar to further suit on the same cause of action. *Mobbs v. City of Lehigh,* Okl., 655 P.2d 547, 549 n. 5 (1982).

**20.** *Mobbs v. City of Lehigh, supra* note 4 at 549; *Mullins v. Ward, supra* note 4 at 61; *Timmons v. Royal Globe Ins. Co., supra* note 4 at 592; *Reeves v. Agee, supra* note 4 at 756 n. 46; *Panama*

*Processes v. Cities Service Co., supra* note 4 at 283 n. 27.

**21.** *Supra* note 10; *Depuy v. Hoeme, supra* note 5 at 1343-1344.

**22.** *Chamberlin v. Chamberlin, supra* note 6.

**23.** An exception to this principle was carved out in *Carpet World, Inc. v. Riddles,* Okl., 737 P.2d 939, 942 (1987). There we held that in an appeal in which the prevailing party cannot get an attorney's fee because the case is not yet terminated, the party seeking attorney's fees in anticipation of ultimate victory in the trial court may have this court authorize a fee award when the case reaches a terminal stage at nisi prius.

**24.** *Ford v. Ford,* Okl., 766 P.2d 950, 952 n. 1 (1989); *Johnson v. Wade,* Okl., 642 P.2d 255, 257-258 (1982); *Matter of D.D.F.,* Okl., 801 P.2d 703, 709 (1990).

**25.** *Ford v. Ford, supra* note 24; *Johnson v. Wade, supra* note 24; *Matter of D.D.F., supra* note 24.

**26.** *Ford v. Ford, supra* note 24; *Johnson v. Wade, supra* note 24.

*the district court.* An aggrieved party's certiorari petition *supersedes all prior pleas for corrective relief on review.*

*Cunningham did not press for reversal of the earlier nisi prius fee denial. He abandoned this reviewable issue when he failed to press it on rehearing and later in certiorari stages of Cunningham I. Cunningham's fatal mistake was to bring his plea in the district court. That court was powerless to afford him relief from the earlier fee denial.*[27]

### SUMMARY

When in pre-mandate stages of *Cunningham I* Cunningham lodged in the district court his *second quest* for a fee award, the trial court was still *without* cognizance of the issue. Although jurisdiction of the case revested in the trial court upon mandate's issuance, it was then too late for any effective relief from the earlier nisi prius fee denial. Res judicata and the settled-law-of-the-case doctrines interposed themselves as an insuperable barrier to Cunningham's attempt at readjudication of his right to the trial-related fee. *Cunningham I's* silence on the fee issue represents *affirmance* of the earlier nisi prius fee denial. Appellate inaction allowed that denial to survive review. Today that denial stands both for us and for the lower courts as res judicata and settled-law-of-the-case bar. *Cunningham could have avoided this disastrous outcome* had he (a) rather than moving in the district court for counsel fees and costs, *pressed* in his certiorari quest for reversal of the earlier nisi prius counsel-fee denial, or (b) *moved* in the district court, *after mandate*, to vacate the earlier fee denial on some § 1031 grounds or (c) moved in this court before *Cunningham I* mandate for appeal- and certiorari-related counsel-fee award.

The result I counsel here, harsh though it may appear, tracks with fidelity the beat-en path of time-honored principles of our remedial law. Fundamental fairness in litigation process cannot be afforded except within a framework of orderly procedure. No area of the law may lay claim to exemption from the range of its basic strictures—not even postjudgment proceedings for a counsel-fee award. Chaos, caprice and *ad hoc* pronouncements would inevitably follow from any departure.[28]

*" * * * It is procedure that spells much of the difference between rule by law and rule by whim or caprice.* Steadfast adherence to strict procedural safeguards is our main assurance that there will be equal justice under law. * * * "*[29]

I would hence reverse the post-*Cunningham I* nisi prius fee order as *tainted* for lack of cognizance to entertain Cunningham's quest for any *review*-related legal services; insofar as the fee order affects trial-related counsel-fee quest, I would condemn it as erroneous because Cunningham's plea is barred by the settled law of the case and res judicata.

---

**27.** An attorney's fee quest is most often ancillary to an appeal; it is supplemental to the main claim for corrective relief from the judgment and may hence be raised by motion. In contrast, a plea for relief from judgment or order may not be raised by motion; it must be *pressed* by petition in error and brief. *Greene v. Circle Insurance Company,* Okl., 557 P.2d 422, 423 (1976).

**28.** *Pryse Monument Co. v. District Court, Etc.,* Okl., 595 P.2d 435, 438 (1979).

**29.** *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 179, 71 S.Ct. 624, 652, 95 L.Ed. 817 (1951) (Douglas, J., concurring) (emphasis mine).