1998 OK CIV APP 9

1998 OK CIV APP 9

**Jerry and Martha ELLISON, Plaintiffs/Appellants,**

v.

**Greg FLORENCE, Defendant/Appellee.**

**No. 88524.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided Dec. 9, 1997.

Rehearing Denied Jan. 13, 1998.

---

**1256**

Charles L. Woodstock, Sean H. McKee, Tulsa, for Appellants,

Richard L. Barnes, Tulsa, for Appellee.

## OPINION

HANSEN, Presiding Judge:

¶1 Defendant, Greg Florence, cut down a tree on the property of Plaintiffs, Jerry and Martha Ellison. Plaintiffs sued. The case was tried to a jury. The trial court instructed the jury that damages would equal the diminution in value of Plaintiffs' property, rather than the value of the tree, and that if the jury found Defendant's actions to be willful and without authority, damages could be trebled. The jury returned a verdict in favor of Plaintiffs and awarded them $300.00. Thereafter, Plaintiffs filed a motion for costs,

attorney fees and interest pursuant to 12 O.S.1991 § 940. The trial court denied Plaintiffs' motion. Plaintiffs appeal.

¶2 Plaintiffs complain the trial court erred in refusing to award Plaintiffs attorney fees and costs pursuant to 12 O.S.1991 § 940, which provides:

A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

¶3 However, Defendant claims the award of attorney fees is controlled by a special statute, 23 O.S.1991 § 72, which, at the time of the commencement of the action, provided:

For wrongful injuries to timber upon the land of another, or removal thereof, the measure of damages is (3) times such a sum as would compensate for the actual detriment, unless the trespass was casual and involuntary, committed under the belief that the timber or land belonged to the trespasser, or the timber was taken by the authority of highway officers for the purposes of a highway in which case the damages are a sum equal to the actual detriment.[1]

¶4 Thus, he argues, § 72,the special statute, applies to the exclusion of § 940, the general statute.

¶5 We disagree. Whenever two statutes are *in conflict*, a specific statute will control and act as an exception to a statute of general applicability. *See Duncan v. City of Nichols Hills,* 1996 OK 16, 913 P.2d 1303. Herein, there is no conflict between § 940 and § 72. The 1991 version of § 72 is silent regarding attorney fees, and § 940 permits attorney fees in actions for injury to property. Defendant's analysis is inapplicable in the instant case. Additionally, Defendant cites no authority that § 72, a statute which in 1991 dealt only with the measure of damages, prohibits an award of attorney fees under § 940.

1. Section 72 was amended in 1995 to provide for    costs and attorney fees to the prevailing party.

¶ 6 In *Rout v. Crescent Public Works Authority*, 1994 OK 85, 878 P.2d 1045, the plaintiff sued Crescent Public Works Authority for, among other things, physical damage to his property that included loss of trees. Crescent argued the plaintiff failed to comply with the Governmental Tort Claims Act. The trial court entered summary judgment for Crescent. Crescent moved for costs and attorney fees pursuant to § 940. The trial court granted Crescent's motion. On appeal, the Supreme Court affirmed the trial court's decision. It held "[t]he fact that there are no specific provisions within the Act for attorney's fees and costs, and 12 O.S.1991 § 940 specifically authorizes attorney's fees and costs in actions such as this, does not create an inconsistency between the two statutes." Further, in *Cunningham v. Public Service Co. of Oklahoma*, 1992 OK 107, 834 P.2d 974, the Supreme Court affirmed an award of attorney fees pursuant to § 940 for "the wrongful destruction of a shade tree."

¶ 7 Further, it is well-settled that where two acts or parts of acts, are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to a construction which leads to the conclusion there is a conflict. *Smith v. Southwestern Bell Telephone Co.*, 1960 OK 27, 349 P.2d 646. Section 940, which allows attorney fees to the prevailing party, and the 1991 version of § 72, which is silent on the issue of attorney fees, may be read in harmony with one another to allow costs, attorney fees, and interest to Plaintiffs, the prevailing parties, in the instant case. The trial court erred in failing to award attorney fees below to Plaintiffs.

¶ 8 This matter is REVERSED AND REMANDED with directions to award Plaintiffs attorney fees pursuant to a hearing in compliance with *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659.

JOPLIN and BUETTNER, JJ., concur.